LITTELL v. ZUNTZ.

1. When property is sold under a decree foreclosing a mortgage, and the property is purchased by the mortgaggee, the biddings will be opened and a re-sale ordered before the confirmation of the sale, if an advance of not less than ten per cent. on the former sale is offered, and the money deposited in Court; but no re-sale will be ordered, when the deposit is less than two hundred dollars.

2. When the property is purchased by a stranger, the sale will not be set aside for mere inadequacy of price, no matter how gross, unless there be some unfair practice at the sale, or unless there is surprise wtihout fault on the part of those interested, and in no case of this description, after confirmation of the sale unless fraud can be imputed to the purchaser, which was unknown at the time of the confirmation.

3. When a sale is thus set aside, the purchaser cannot be charged with rent, unless he has actually received it, and will be entitled to a return of the purchase money with interest, all sums laid out in improvements, his costs and expenses, and a liberal allowance for his trouble.

Littell v. Zuntz.

4. The prevalence of Yellow Fever at the time of the sale, which by causing the removal of a great portion of the population, and the suspension of business, prevented fair competition, held a sufficient excuse for the absence of the party interested from the sale, and the property having sold greatly below its value, a sufficient reason for setting aside the sale, and ordering a resale of the premises.

THIS was a petition filed by Thompson Littell, to set aside a sale made by the Master pursuant to a decree rendered in favor of the petitioner, in a bill filed by him against John N. Warren and others, to foreclose a mortgage ; the petition sets forth the facts as follows :

The petition of Thompson Littell respectfully showeth that, on the        day of        your petitioner filed his bill in this Honorable Court against John N. Warren and others, for the purpose of foreclosing and selling certain premises in a mortgage deed, described as follows : [Here follows a particular description of the premises.]

Your petitioner further respectfully showeth, that such proceedings were had in the premises, at the May term of the Court, 1839, that the lands mentioned and described aforesaid, were by the decree of this Court, ordered to be sold by the Master in Chancery, to raise the sum of nine thousand four hundred and ninety-one dollars with interest, being the amount due on said mortgage. Your petitioner further respectfully avers and showeth, that the said mortgaged premises were amply sufficient to satisfy the said claim, and would at a fair sale have realized money sufficient to satisfy the decree. But your petitioner respectfully showeth, that the Master in Chancery exposed the said mortgaged premises to sale on the first Monday in September, 1839, at a period when the Yellow fever had nearly or quite reached its crisis, when all the citizens; nearly of Mobile, who had the means, had left it on account of the pestilence; that those who remained, even if they had the means of purchasing property at its fair value, could not be expected, at that awful and devastating period, to have the time or inclination to attend sales, especially when they were held in the centre of the contagion.

Your petitioner respectfully showeth that, under the foregoing circumstances, in the absence of your petitioner, and his attorney, the premises were offered and sold by the Master in

Chancery, to one James E. Zuntz, for five hundred dollars, who was the highest bidder. That, after deducting all costs and charges, there remained to your petitioner only the pittance of about one hundred and twenty dollars.

In consideration therefore of the premises, your petitioner respectfully prays your Honor, upon his returning to the said Zuntz, his purchase money with interest, which he hereby tenders, to order and decree a re-sale of the premises, and to grant such other and further relief in the premises, as may be agreeable to equity and good conscience.

Accompanying the petition, was an affidavit of its truth.

Zuntz in his answer, admits the facts stated in the petition in relation to the purchase and decree therein stated, and that said property therein referred to, was offered for sale by the Master in Chancery, on the day in said petition stated. That, although the Yellow fever prevailed to some considerable extent in the city, yet, on the day of sale many persons attended, and property to a considerable amount was sold. The defendant further answering says, that the petitioners agent John R. Collins was present at the time of the sale, and had an opportunity, if the property was sold below its value, of running it up, and preventing it from being sacrificed; that said property was publicly offered for sale on said day and purchased by this defendant, for the sum of five hundred dollars—that this defendant was put in possession of said property by the Master in Chancery, soon after the purchase; and soon after commenced improving the said property and repairing the house. That this defendant since the purchase and before he ever heard there was any objection to the confirmation of the sale so made, as aforesaid, laid out and expended in improving and repairing said premises, the sum of five hundred dollars, besides the loss of his time and his attention in superintending the same. That the first he ever heard of any objection to the confirmation of the sale, was in March 1840. That said Collins, agent as aforesaid, was in the city during the fall and winter, and made no objection to the sale. This defendant further answering says, that the sale was fairly and publicly conducted, and the purchase *bona fide* made. That the property was purchased under its value as most of the property sold under

decrees of foreclosure, has been for the last twelve months; but that said property is not worth any thing like the sum stated in said petition. This defendant further saith that, after the purchase, he had a conversation with the attorney of the complainant in relation to said purchase. and was told and assured by him, that the title was good and no objection was made to the sale or purchase. The answer is accompanied by an affidavit of its truth.

Accompanying the petition are the affidavits of several persons, which substantially establish the allegations of the petition.

Affidavits were also produced by Zuntz, to prove the amount of expenditures on the lot made by him, after the purchase.

There is also an agreement, entered into by the defendants to the bill of foreclosure, of their consent to set aside the sale.

Upon the hearing of the motion to set aside the sale on the petition answer and proofs, the Chancellor dismissed the petition without costs, and decreed that the report of the sale stand confirmed, which report is in the following words:

Pursuant to the decree rendered in this cause, I sold on the first Monday of September, 1839, the premises described in the complainant's bill and mortgage, at public auction in front of the Court house of Mobile county; due and legal notice of the time and place of said sale, having been given at which sale so made, James Zuntz became the purchaser at five hundred dollars, that being the highest sum bid, and after satisfying the costs, a balance of three hundred and eighty three dollars and fifty cents remained, which I paid to the complainant and his attorney, John H. Jones, Esq., 3d. September, 1839, signed

M. J. McRAE, Register.

To the said decree the complainant prayed an appeal to this Court, which was granted.

STEWART, for the petitioner cited, 4 Vesy, Jr., 700 ; 5 ibid. 86 ; 6 ibid. 117; 11 ibid. 559 ; 4 Bro. C. C. 173.

CAMPBELL, contra, cited, 2 Edwards' Rep. 617; 13 Wendell's Rep. 224; 2 Paige 99 ; McCord, Chan. Rep. 151.

ORMOND, J.—In England it is almost a matter of course to open the biddings, when a larger sum is offered for the pro-

perty before the confirmation of the sale, and in some instances afterwards. By a long series of adjudications, it has been perfected into a system; and as the general rule, the bidding will be opened whenever an advance of ten per cent. on the former sale is offered. This is shown conclusively by the cases referred to by the plaintiff in error, to which many might be added.

This is the first time the question has been raised in this Court; and we are not aware that the practice of opening the biddings upon the principles of the English Chancery, has ever obtained in this State. But the right to set aside a sale made by an order of the Court of Chancery, when a proper case is presented, must of necessity be an attribute of that Court, as the same power is exercised by a Court of Law, when its process has been abused and the power of a Court of Chancery certainly cannot be inferior.

We feel ourselves therefore, authorized to lay down certain rules to regulate this proceeding in future, founded on the principles of natural justice, and having reference to the actual existing state of things in this country.

We do not think it proper to adopt the English rule in all its extent, as it is manifestly unsuitable to the habits of our people, and to the state of thing existing amongst us. In England, land has a fixed and determinate value, and does not fluctuate in the market like personal property; but with us the value of land is exceedingly fluctuating, and its price frequently varies very much in the course of a few months, and is affected generally by the same causes which operate on personal property. Indeed it may be said, that its price is not so fixed and stable, because not in such general demand as one species of our personal property—slaves. To open biddings in all cases therefore, would be exposing the purchaser to a higher bid, if from any cause, land should rise in price, whilst he would be compelled to keep it if it fell. This would be obviously unjust as to the purchaser, and contrary to public policy; as it would injuriously affect all sales of this character, and thus defeat the very object of the rule itself.

We are therefore of opinion, that when a stranger is the purchaser at a mortgage sale, it will not be set aside for mere

inadequacy of price, no matter how gross, unless there be some unfair practice at the sale, or unless those interested are surprized, without fault or negligence on their part; and in no case of this description, after a confirmation of the sale, unless fraud can be imputed to the purchaser, which was unknown to those interested at the time of the confirmation of the sale.

But where the mortgagee is the purchaser, and the debt secured by the mortgage is not discharged by the sale, no reason is perceived why the biddings should not be opened once, upon the offer of a reasonable advance on the former sale, together with the purchaser's costs and expenses, which should be deposited in Court; what would be a reasonable advance, would to some extent depend on the amount in controversy. In the English Chancery, the rule is to require an advance of at least ten per cent. on the first sale, besides costs and expenses; but in no case will the biddings be opened, where the deposit is less than forty pounds, 1 Sim. & Stu. 20, which rule is probably as good, as a general rule, as any that could be adopted.

The reason for the distinction here made between the purchase by a stranger and the mortgagee, is to prevent the oppression, which it is in the power of the mortgagee to practice, in putting down competition at the sale, by preventing any one from obtaining the property, unless he gives its value. The object of the sale is not to transfer the property of the mortgagor to the mortgagee, but to pay the debt; he cannot therefore be injured by any proceeding, which has that for its object, and does not cause any unnecessary delays or expense. [Duncan et als. v. Dodd et als. 2 Paige, 99; Williamson v. Dale et als. 3 Johns. C. 290; Woodhold, Ex'r. v. Osborne, 2 Edwards, 614.]

In this case, property worth eight thousand dollars, was sold by the Master for five hundred dollars. The purchaser was a stranger, attracted to the sale by the advertisement; and according to the principles here laid down, notwithstanding the inadequacy is so gross as almost to demonstrate the unfairness of the sale, it cannot be set aside, unless the complainant, who in this case is the petitioner, can show surprise, unmixed with fault, or neglect on his part.

The sale was made at a time when the yellow fever was raging in the city of Mobile; when according to the affidavits filed by the petitioner, the alarm created by the pestilence, had driven from the city a large portion of its population, and suspended the business and commerce of the city, at least to a very great extent. In our opinion, this affords an ample reason for setting aside the sale. It is impossible to suppose, that under such circumstances, property exposed to sale, could bring any thing like its fair value, not alone by withdrawing competition, but also because the presence of the destroying pestilence, would indispose the minds of most men to make investments of any kind ; and it was doubtless owing to these causes, that the property in question did not bring one fifteenth of its value. It also furnishes a sufficient excuse for the absence of the complainant at the time of the sale.

The defendant in his answer states, that one Collins, the agent of the plaintiff, was present at the sale, and interposed no objection. But there is no proof that Collins was the agent of the plaintiff, even if we consider the affidavit of the Master, as regularly sworn to, and a part of the record, which appears to be doubtful. His statement is, that he "*understood* that Collins was the agent of the plaintiff, and saw him on the ground a short time before the sale of the property." This is not sufficiently definite to charge the plaintiff with notice of the sale. If Collins was in fact the agent of the plaintiff, and present at the sale, nothing could have been easier, than to have established it conclusively.

But although for these reasons the sale must be set aside, it can only be done on payment to the defendant of the purchase money, of all sums laid out in improvements on the property, and a liberal allowance for all trouble, costs, and expenses incurred by him.

It is also insisted by the counsel for the plaintiff in error, that the defendant should be charged with the value of the use of the property, during the time he has held it, or at least for the rent which has accrued, if he has rented out the property. The defendant was let into the possession of the property as a purchaser without fault on his part, and his purchase cannot with propriety be changed into a tenancy, so as

to charge him with rent for the use of it. But if he has not occupied it himself, but has rented it out, no reason is perceived why he should not account for the rents actually received by him. The object of the Court is to place him as near as possible, and without injury to him, in the same situation, as if he had never made the purchase; and therefore, although he should not be charged with rent, if he had occupied the premises himself, no reason is perceived why he should be allowed to rent to another, and thus make a profit to himself by an invalid sale.

The decree of the Chancellor therefore confirming the report of the Master, is reversed, and this Court, proceeding to make such decree as should have been made by the Chancellor, hereby order and decree that the report of the Master be vacated, and the sale made by him be annulled, and the deed for the premises, if any was made, be produced and cancelled. That the Master be directed forthwith to state an account between the parties, charging the plaintiff with the purchase money, the amount of all expenditures, and costs laid out in the actual improvement of the property, with interests thereon, and a liberal allowance for the trouble of the defendant; and charging the defendant with the amount of the rent actually received by him, with interest, and if the balance be found against the plaintiff, it shall be paid on confirmation of the report; if in his favor, a decree shall be rendered for the sum thus found due the plaintiff; and any claim for rent not received, shall be transfered to the plalntiff; and thereupon the Master shall proceed to sell the premises as provided in the original decree. Each party will pay his own costs in this Court. Let the cause be remanded for further proceedings.