## Lyon v. Elliott, adm'rx.

1. E desiring to foreclose a mortgage made to secure a note, held by her, applied by her counsel to L, for information, who pointed out to him the mortgage on the records of the County Court, and thereupon E filed a bill in the name of L, and others, to foreclose the mortgage. A decree being had, L became the purchaser, at the sale of the mortgaged premises; afterwards a reference was made to the master, to enquire, whether the mortgage had not been foreclosed previously; and upon the admission of L, that it had not, and that the note in the case, was the property of the estate of John Elliott, reported that fact, and that L was the purchaser at the sale; whereupon the sale was confirmed. L afterwards discovering that the mortgage had been previously foreclosed by him-self, and the property sold, refused to pay the purchase money; whereupon, at the instance of E, an attachment was directed to issue against L, to compel the payment of the purchase money.—*Held*, first that E was, by consent, a party to the record, otherwise, the presumption must be that L was himself entitled to the money and all the proceedings at the instance of E, void. 2. That although L was a complainant on the record, yet the fact being that the suit was instituted by E, for her own benefit, L must be considered on a motion to set aside the sale, as a stranger. 3. That under the facts of the case, the attachment should not have been awarded. 4. That as both parties were in fault, *each should pay his own costs.*

Appeal from the Chancery Court at Mobile.

THIS was a bill filed by James G. Lyon, Joseph B. Earle, Samuel H. Garrow, and Henry Goldthwaite, to foreclose a mortgage against the heirs of S. V. V. Schuyler. The master having reported the amount of the debt, his report was confirmed, and a sale of the mortgaged premises directed to be made.

At the succeeding term, an order was made directing the master to inquire whether the note described in the report made by him, as the property of complainant, Lyon, is the same with one reported to belong to him in a previous case in this Court, and to pay which, property has been already sold.

The master reported that the bill had been improperly filed, and that the note upon which the decree and foreclosure was obtained in this case, was not a lien upon the land.

In the record is found the following letter from the complainant, Lyon, to the master, dated,

20th May, 1841.

" Sir—In the case to which you have alluded in your official notice, served upon me this morning, I have to observe, that I have no interest in the decree whatever. It should be alone for the benefit of Mr. Elliott's estate, *upon one note*; you will see, by examining the decree and sales previously made by you, that the particular lots in this case, have not been sold in any case of mine. I wish the sale made by you, confirmed, on my paying the purchase money—three hundred and thirty dollars.

"Elliott's estate held but one note, and that alone the decree should have been for, and so far as the decree goes to secure any thing to me, where Mr. D. E. Hall is attorney, I hereby release it."

On the 21st May, 1841, an order was made, which recites that by consent, the order of reference taken on a former day of the term, is set aside, and the letter of Lyon to the Register, of the 20th May, 1841, ordered to be filed, and thereupon the master reported, that he had sold the premises described in the bill, and that James G. Lyon became the purchaser, for the sum of three hundred and thirty dollars, and by consent of parties, the report and sale was ordered to be confirmed; that Lyon pay the purchase money into Court, and on his making payment, the Register to make him a deed to the premises.

On the 15th November, following, a notice issued and was

served on Lyon, that a motion would be made for an attachment against him on behlaf of Margaret Elliott, administratrix of John Elliott, deceased, to compel the payment of the sum of three hundred and thirty dollars, according to the terms of the preceding order, which is signed D. E. Hall, Sol. for Mrs. Elliott.

Upon this notice, an order was made against Lyon, to compel the payment of the money.

Then follows a sworn statement of Lyon, in substance, that the complainants sold to Schuyler, sundry lots of land, and took from him five several mortgages, which are numbered from one to five, and the amount specified, which each mortgage was intended to secure, by a description of the notes, amounts, &c. That upon a division of the proceeds of the sale, all the notes fell into his possession, except those in class numbered three; and that before the death of Schuyler, bills were filed and foreclosures obtained for his benefit in the classes numbered two, four and five, and the lots sold by the Register.

That D. E. Hall, Esq. called upon him for the mortgage, made to secure one of the notes held by Mrs. Elliott, that he either handed him the mortgage, or referred him to the clerk's office to get it—that Hall accordingly filed his bill, obtained a decree, and at the sale, he (Lyon,) became the purchaser, at three hundred and thirty-three dollars. That the matter so remained until the succeeding Chancery Court, when a reference was made to the master, to report something about the cause, and that believing at the time, that the decree had been obtained upon the proper mortgage, he addressed to the Register, the note set out previously in the record. That he should have paid the money, but that he was informed the property had been sold under another mortgage, and that in addition the property had also been mortgaged to the State Bank at Mobile, and that the Bank was not made a party. To prevent further trouble, he offers to pay the money, provided, the parties will transfer to him the note sued on in this case, and the mortgage numbered four.

Daniel E. Hall, makes affidavit, that some two or three years ago, he was employed by Margaret Elliot, administratrix of John Elliott, to file a bill to foreclose a mortgage on the note filed in the record. That from Lyon and others, he un-

derstood the transaction to be, that the complainants and John Elliott, purchased a tract of land, but before the deed was made, Elliott died. That to prevent any difficulty, the deed was taken in the name of the survivors, they, or some of them, agreeing to secure the interest of Elliott. That the survivors made sundry sales of the property, amongst which was the sale to Schuyler, secured by mortgage, and that the note on which this suit is founded, was delivered to the administratrix, as the proportion of the profits belonging to John Elliott. That Lyon informed him that the mortgage here foreclosed was given to secure the payment of the note, and that therefore he filed the bill. That it was not until after the decree that he learned that Lyon had previously filed a bill, and foreclosed the same mortgage, and that he was misled by the information received from Lyon.

The Chancellor determined that no sufficient reason had been given, why an attachment should not issue, and directed that unless the purchase money was paid within one month, that an attachment issue, &c.

From this decree, Lyon prayed an appeal, which was granted, on his entering into bond, &c. to be approved by the master. The bond was executed payable to Margaret Elliott, administratrix.

The appellant assigns for error,

1. The Court erred in making a decree in favor of Margaret Elliott, as she was no party to the proceeding.

2. In making a reference to ascertain Mrs. Elliott's interest.

3. In confirming the report of the master.

4. In issuing the attachment.

5. There is no allegation in the pleading to authorise the evidence.

6. The whole proceeding irregular as it regards Mrs. Elliott.

Stewart, for plaintiff in error.

Campbell, contra, insisted that the appeal must be dismissed. 2 Ala. Rep. 158. That the Court is the vendor, and after payment of the money into Court, its application may be discussed. 2 Har. & Gill. 346.

ORMOND, J.—In the case of Creighton v. Paine, 2 Ala. Rep. we held, that in a controversy between the purchaser at a mortgage sale, and one claiming the property, it was improper to prosecute an appeal against the complainant, who was passive, but that it must be prosecuted against the actor, who, in that case, was the purchaser.

If the bill in this case, had disclosed, that the suit was instituted for the benefit of Mrs. Elliott, the question here raised would have been distinctly presented on the record, or it might have been presented by petition filed afterwards. But although the whole proceeding is certainly very irregular, we cannot understand the reference made, as it appears, by consent, for the purpose of ascertaining the interest of Mrs. Elliott, as any thing else than an admission of record, that the suit was prosecuted for the benefit of Mrs. Elliott as administratrix of John Elliott. She certainly is a most efficient actor in the cause, as it is on her motion that an attachment is issued. If this inference is not made, it will follow that every step taken in the cause, at her instance, and for her benefit, is irregular and void, as without this presumption, she is a stranger to the record. It would be a most extraordinary procedure if any attachment could issue at the instance of a stranger to the suit, to compel the payment of money to her, which, in co ntemplation of law, is in the hands of the person entitled to it.

Considering then, as we must do, Mrs. Elliott a party to the record, as she was doubtless considered by the Chancellor, we proceed to the consideration of the case, as disclosed by the record, which presents this state of facts.

The complainants, four in number, and one John Elliott, were purchasers of a tract of land, and in consequence of his death, and to avoid difficulty, took the title in their own names. The land was divided into lots and sold, a portion being bought by Schuyler, whose heirs are the defendants to the bill, and the note upon which this bill is predicated, was the share of Elliott. That the attorney of Mrs. Elliott applied to the plaintiff in error, who was one of the complainants, for information, who informed him that the mortgage foreclosed in this case, was taken to secure this note, and that thereupon he filed his bill.

At the sale by the master, the plaintiff in error, was the purchaser, but refused afterwards to pay the purchase money, al-

leging that the property had been perviously sold under ano-
ther mortgage; and also, that there was an outstanding mort-
gage in favor of the Bank of the State of Alabama, which was
not made a party to the bill.

These facts appear principally in the affidavit made by the
plaintiff in error, and the counsel for the defendant in error on
a motion for an attachment, and in resistance of it.

In Littell v. Zuntz, 2 Ala. Rep. 256, a question somewhat
similar to this, was presented to this Court, in relation to open-
ing the biddings at a mortgage sale.   The Court then say that
" the right to set aside a sale, made by order of a Court of
Chancery, where a proper case is presented, must of necessi-
ty be an attribute of that Court, as the same power is exercis-
ed by a Court of law where its process has been abused, and
the power of a Court of Chancery cannot be inferior."

The question presented to the Court in this case, is in effect,
whether the sale made by the master was valid.   It is admit-
ted in the affidavit of the counsel for the defendant in error,
that the plaintiff in error had previously foreclosed the mort-
gage in this case, it is therefore obvious that no right was ac-
quired by the plaintiff in error by the purchase made under
the foreclosure in this case.

A distinction in cases like the present, may exist between a
purchase made by a stranger and one made by a party to the
record, who must be presumed to be cognizant of the facts of
the case, and might be concluded from denying it.   However
the law might be in such a case, here, although the purchaser
is one of the complainants, it is shown that the suit was not in-
stituted by him, nor for his benefit, and for all the purposes of
this inquiry, he must be considered a stranger to the proceed-
ings.

It is true, it is stated that upon application of the counsel of
Mrs. Elliott, " he pointed out the said mortgage on the record
of the Court, and led applicant to believe that it was a just,
true and subsisting mortgage, and afterwards admitted the
same in his letter to the register;" but it does not appear that
this false information was fraudulently given.   On the contra-
ry, it is evident that it was an honest mistake, as is conclusively
shown by his becoming the purchaser himself.   Neither is the
defendant in error free from blame—it was the duty of her coun-

sel to have been satisfied that he was proceeding on the right mortgage, a fact which could doubtless have been ascertained by proper diligence.

At law, giving false information, or even the assertion of a falsehood, unless coupled with fraud, will not be the foundation of an action, even where positive injury has been caused to another by it; and certainly, under the more enlarged and benignant principles of equity, it could not be tolerated that a mere false assertion, without fraud, should subject a party to a loss, especially in a case where the only injury inflicted thereby, is the delay and expense of another suit.

We are therefore of opinion that the attachment was improperly awarded, and the decree of the Chancellor, to that effect, must be reversed.

This is not considered a proper case for costs, as both parties seem to be equally in fault, each will therefore pay his own costs both in this Court, and the Court below.