# Parker v. Bluffton Car Wheel Co. *et al.*

*Bill in Equity for Receiver of a Corporation.*

*Confirmation of sale under decree; inadequacy of bid.*—When a stranger is the purchaser at a sale under a decree in equity, it will not be set aside for mere inadequacy of price, no matter how gross, unless there be some unfair practice at the sale, or unless those interested are surprised without fault or negligence on their part, and this rule applies as well upon objections to the confirmation of the sale, as in the case of an original bill to set aside the sale, in the absence of special reasons to the contrary.

2. *Same; same.*—Where a party objecting to the confirmation of a sale under a chancery decree was present thereat, and authorized by the decree to bid, his guaranty that upon a resale, the property shall bring ten per cent more, is not sufficient reason why the sale should not be confirmed.

3. *Chancery practice; notice of motion.*—Where a complainant files a bill in his own behalf and that of other creditors, he stands before the court as the representative of a class, and notice to him of a motion, is all that can be required.

4. *Receiver's sale; selling in bulk.*—Where the direction in a decree is general for the sale by the receiver of the property described in his

[Parker v. Bluffton Car Wheel Co *et al.*]

report, he does not violate the terms of the decree in selling all the property together.

APPEAL from Cherokee Chancery Court.
HEARD before Hon. S. K. McSPADDEN.
The facts are sufficiently stated in the opinion.

DENSON, BILBRO & BURNETT, for appellant. (No brief came to hands of the reporter.)

DORTCH & MARTIN, *contra*.

BRICKELL, C. J,—Appellant filed a bill in the Chancery Court of Cherokee county against the Bluffton Car Wheel Company, a corporation, and against its directors, seeking the appointment of a receiver and a sale of the property of the company for the payment of debts. The bill, among other averments, sets forth that complainant is president of the company, a stockholder and, also, a creditor, and that through the neglect of the directors to provide a working capital and owing to their indifference and negligence in the conduct of the business the company had become embarrassed, and that its property was about to be sacrificed by execution sales. That he had endeavored ineffectually to have the directors meet to take the necessary action in the premises, and facts are also averred for the purpose of showing that a demand on them to file the bill would be unavailing.

The company filed its answer admitting the allegations of the bill, and decrees *pro confesso* were entered against all the other defendants.

The chancery court appointed a receiver and upon the submission of the cause, rendered a decree of sale, and requiring creditors, upon notice to be given by the receiver, to present and prove their claims before him.

The decree directs the receiver to sell the "property of the defendant, Bluffton Car Wheel Company, at the post office in Bluffton, Ala., at public auction to the highest bidder for one-half cash and the other half on a credit of twelve months, with interest from date, with at least two good sureties, after giving notice" &c. The decree also authorizes any party to the cause to bid at the sale. After giving notice to creditors and notice of

the time, terms and place of sale in substantial compliance with the decree, the property was sold by the receiver at public outcry and the bulk of the property was sold together to the Elliott Car Company for $2,250, as the highest and best bidder for that portion of the property—the remainder of the property being various articles of personalty of but small value, and which was sold to other purchasers.

At the time of purchasing the property the agent of the Elliott Car Company, at the request of the receiver, put its bid in the following form, viz.:

For plant including machinery and equipments of every kind and character...................$ 1,550 00
For foundry building..............    300 00
For three cottages................    100 00
For real estate..................    300 00
—————
$ 2,250 00

and agreeing to take the machinery and equipments at the prices named leaving the buildings and real estate unsold, or to take the plant with foundry building, or the plant with the foundry building and cottages at the prices named leaving only the realty, or to take the entire property, it had purchased, for the $2,250.

The receiver reported the sale to the court, including the bid and offer of the Elliott Car Company in the above stated form, and that said company had offered to comply with its bid.

The report further states that the receiver makes no recommendation as to the confirmation of the sale but states that the buildings, machinery and equipments cost the defendant company over $15,000, and that the personal property cost much more than the prices bid, but that he had incurred expense in advertising the property for sale and endeavering to procure bidders, that he had no means with which to pay such expenses unless the sale should be confirmed, and that he was unable to borrow any money, (as he had been authorized to do by the decree appointing him).

The defendant, the Bluffton Car Wheel Company, filed its objections to the confirmation of the sale on the ground of gross inadequacy in the price but does not seem to have prosecuted its objections, as they were not

included in the submission of the cause on the question of confirmation, nor did it join in the appeal taken to this court.

The complainant in the bill, also, filed objections to the confirmation of the report of sale, setting up various grounds, viz. :

1. Inadequacy of price.

2. That creditors had no notice of the time of sale.

3. That the real and personal property were sold together instead of separately.

4. That creditors, and other defendants had no notice of the motion to confirm the sale.

The cause was submitted in vacation on the motion of the Elliott Car Company, the purchaser, for the confirmation of the receiver's report, the objections of complainant and on affidavits filed on its behalf and on behalf of the complainant which are duly noted in the register's note of testimony.

The decree of the chancery court, on this submission, confirmed the report of sale except as to the real estate ; the price of which, as agreed upon by the receiver and purchaser, to-wit, $300, was deducted from the total price bid, leaving the price for the other property at $1,950.   In all other respects the sale to the Elliott Car Company and the other purchasers was confirmed.

The receiver thereupon filed a report showing compliance by the purchasers with the terms of sale as modified in the chancellor's decree.  The decree confirming the report of sale was filed April 7, 1894, and the receiver's report showing compliance by the purchasers with the terms of their bids was filed May 7, 1894.

On the 13th day of September 1894, complainant, alone, sued out an appeal from the decree of the chancellor confirming the report of sale, and the only error assigned is the rendition of that decree.

The power, right and duty of the chancery courts to supervise sales ordered by their decrees and made by their special officers or commissioners, and to protect the parties from all fraud, mistake, unfairness and imposition, is of universal application, and this right also extends to purchasers who by the act of purchase under the decree submit themselves to the jurisdiction of the court.

At an early day in this State the right and duty of

chancery courts to vacate sales made under their decrees received the consideration of this court and the principles then declared have never been departed from, and we see no reason now for questioning their soundness or justice. In *Littell v. Zuntz*, 2 Ala. 256, it was said: "When a stranger is the purchaser at a mortgage sale it will not be set aside for mere inadequacy of price, no matter how gross, unless there be some unfair practice at the sale, or unless those interested are surprised, without fault or negligence on their part."

And in the case of *Glennon v. Mittenight*, 86 Ala. 455, where the purchaser was a stranger to the suit and bought the property for $305, and the complainant offered, in the event of a resale, to bid $900, we said: "Whether mere inadequacy of price, short of the point which would raise a presumption of bad faith or misconduct, would be, in any case of original equity jurisdiction, ground for setting aside the sale, need not be decided; but it would seem clear on principle, that where the price is measurably adequate, the purchaser is entitled to have the sale confirmed, and a conveyance made, notwithstanding assurance is given at the hearing, that a much larger sum will be offered at a resale."

While the case before us is not that of an original bill to vacate a sale, but in the form of objections to the confirmation of a sale and therefore a case in which the entire subject was *in fieri*, we can perceive no reason why the rules above declared should not govern in the absence of special reasons to the contrary. Upon a careful consideration of all the proceedings and the testimony offered by both the complainant and the purchaser we fail to discover any special reasons for relaxing the rules above declared, nor do we find anything in the nature of fraud, mistake or imposition, nor anything to indicate that the property, if resold, would bring a better price, excepting alone, the guaranty of complainant himself to make it bring as much as ten per cent. beyond the amount bid by the present purchaser. This offer, however, does not address itself to the court with much weight for the reason that the complainant was present at the sale, was authorized by the decree to bid, and had full opportunity then to raise the purchaser's bid but refrained from doing so. It is true he explains his failure to bid by stating that his own attorney in the cause as-

sured him at the sale that the court woold not confirm a bid for less than ten thousand dollars, but in that he is not sustained by the attorney. The latter states he recollects having the conversation with complainant, but did not tell him the court would refuse to confirm the sale if less than ten thousand dollars were bid, nor did he specify any other amount, but simply stated to complainant that the court would not "confirm an inadequate price." As to this objection, however, it is only necessary to add that it is not one of the objections urged by complainant against the confirmation of the sale and may therefore be dismissed from further consideration here. Although it appears from the testimony that the original cost of the property was much greater than the price at which it was sold, the difference is sufficiently accounted for in the general depreciation in prices of property of like character, the condition of the property sold, and other circumstances clearly shown by the proof.

Taking up the objections that are urged against the confirmation of the sale, other than inadequacy of price, and which are herein above set forth, we do not find that the second objection, viz., that creditors had no notice of the sale, is sustained by the record. The decree provided for ample notice of the time, terms and place of sale to be given and the testimony shows that its terms were followed by the receiver in that respect. Nor can the objection that no notice of the motion to confirm the sale was given to creditors and other defendants avail the complainant. As to all of them decrees *pro confesso* had been duly entered before the submission of the cause, excepting the Bluffton Car Wheel Company who, as above shown filed objections to the confirmation of the sale, but which it failed to prosecute. As to other creditors, it does not appear that any of them had done anything more in the case than to present and prove their claims before the receiver. So far as notice to them was concerned the complainant, who filed the bill on his and their behalf, stood before the court as the representative of the creditors as a class and notice to him of the motion was all that could be required. Furthermore, it may be said as to the question of notice to other creditors and to the defendants, that none of them are making any complaint of the want of notice or of

the action of the court in confirming the sale, and complainant cannot be heard to object for them on that account when they make no such objection themselves.

The only remaining objection filed by complainant is that the real and personal property were sold together instead of separately. The direction in the decree is general for the sale by the receiver of the property of the defendant described in the receiver's report, so that the receiver in selling substantially all the property together did not violate the terms of the decree under which he was acting. On the contrary, taking into consideration the nature and character of the property, that it was constructed and operated as a single plant, and the adaptation of each part of the property to the whole, we entertain no doubt that the receiver adopted the most advantageous and judicious mode of selling the property. Not only so, but substantially the identical mode suggested and prayed for by complainant himself, in his bill of complaint. Furthermore this objection was largely obviated by the action of the court in declining to confirm the sale as to the real estate. It may be that the manner in which this was done was somewhat irregular, but we cannot see that any injury resulted therefrom to the complainant who, alone, questions the sale.

There is no error in the proceedings of the chancery court as respects the matters assigned for error in this court, and its decree is accordingly

　　　　Affirmed.