# Montague *et al. v.* International Trust Co.

*Petition in Equity to Set Aside Sale of Lands by Register.*

1. *Sale of lands by register; when properly set aside.*—Where lands are sold by the register in chancery under order of the court, and upon exceptions to the confirmation of the sale, and on application to have the sale set aside and a new sale ordered, it is made to appear that a much larger price will be paid for the property on a resale, and such price is guaranteed by a deposit of money with the register, and there is evidence tending to show the inadequacy of the price paid at the sale by the register, the chancellor does not err in refusing to confirm such sale and in setting it aside.

APPEAL from the Chancery Court of DeKalb.
Heard before the Hon. W. H. SIMPSON.

In this case, the International Trust Company filed a bill to foreclose a certain deed of trust executed by the Alabama Kaolin Company. The deed of trust was ordered foreclosed, and the court rendered an order for the sale of the property by the register. In accordance with the order of sale, the property was sold by the register, the appellants in this case becoming the purchasers. After this sale the Alabama Kaolin Company and others filed objections to the confirmation of the sale, and at the same time also filed an application that the said sale be set aside and the property ordered resold. The petitioners in said application setting out the fact that the property was sold at an enormously inadequate price, and stating to the court that they would give greatly more than was paid for at the sale, and offered to make a substantial deposit with the court to show their good faith. Upon the hearing of the exceptions to the confirmation of the sale and the application for a resale of the property, the court ordered that the sale theretofore made by the register be set aside, and that a new sale be made, at the same time requiring the petitioners to make a deposit of $4,000 with the register. From this order of the court the present appeal is prosecuted.

JOHN F. MARTIN, for appellants.—Cited *Parker v. Bluffton Cr. Whl. Co. et al.,* 108 Ala. 140; *Littell v. Zuntz,* 2 Ala. 256; *Glennon v. Mittennight,* 86 Ala. 455; *Holly v. Bass,* 68 Ala. 206; *McLaughlin v. Bradford,* 82 Ala. 431; *Ray v. Womble,* 56 Ala. 32; *Grigg v. Banks,* 59 Ala. 311; *Cramer v. Watson,* 73 Ala. 127; *Pate v. Hinson,* 104 Ala. 599.

No counsel marked as appearing for appellee.

TYSON, J.—Aside from every other consideration, we are of the opinion that the chancellor, in the exercise of his sound discretion, was authorized to set aside the sale made by the register upon the ground of inadequacy of price. It is true the evidence before him was in conflict as to whether the property brought its real value; and, perhaps, if a larger price was not offered and secured,

35c

we might be forced to the conclusion that the weight of the evidence on this point was with the appellants. But with the fact established that a much larger price will be paid for the property on a resale and that price guaranteed, in part, by a deposit of money with the register, in connection with other evidence tending to show inadequacy of the bids of appellants, we are unwilling to affirm that the chancellor erred in refusing to confirm the sale.—17 Am. & Eng. Law, (2nd ed.), pp. 992, 1004.

Affirmed.

McCLELLAN, C. J., HARALSON and DENSON, J.J., concurring.