(80 South. 813)

DE LOACH v. WHITE et al. (7 Div. 982.)

(Supreme Court of Alabama. Feb. 6, 1919.)

1. PARTITION ⬤⟼113—REVIEW—PARTIES.

Where real estate was sold for distribution of proceeds among tenants in common and strangers bidding on the different parcels transferred their bids to one of the tenants in common, before the report of the sale was made, such transfers being a part of the report of sale, they had no interest in confirmation or setting aside of sale, and were not parties to appeal from order or judgment setting aside the sale and directing resale.

2. PARTITION ⬤⟼107—SALE—SETTING ASIDE.

Where the property was purchased by the owner of an undivided seven-twelfths interest therein, for an aggregate price of $6,700, and a resale price of at least $8,000 was guaranteed, an order or judgment setting aside the sale and directing a resale was within the trial court's discretion.

3. PARTITION ⬤⟼113—SALE—DISCRETION OF LOWER COURT—REVIEW.

While the discretion of the trial court in directing and affirming or declining to affirm a sale is a judicial one and may be revised or controlled in some cases, it is entitled to weight and consideration by appellate courts.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Proceedings for sale of land and distribution of proceeds among tenants in common, all of whom are parties. From an order and judgment in favor of Daisy White and others, setting aside a judicial sale and directing a resale, W. H. De Loach, as a tenant in common and purchaser at the sale, appeals. Affirmed.

Knox, Acker, Dixon & Sterne, of Anniston, for appellant.

Willett, Willett & Walker and Blackwell, Agee & Bibb, all of Anniston, for appellees.

MAYFIELD, J. This appeal is from an order or judgment setting aside a judicial sale and directing a resale. The property being sold is real estate, residence property in the city of Anniston; and the sale was being made for distribution of the proceeds of sale among the tenants in common thereof—all of whom are the sole parties to this appeal.

[1] While the property was sold in several parcels, and each parcel was bid off by a separate party—all of whom were third parties and strangers to the suit to sell for distribution—they all transferred their bids to appellant, one of the tenants in common, before the report of sale was made, and the transfer of each bid to appellant was made a part of the report; hence they had no interest in the confirmation of the sale, or in the order setting it aside; and hence they are not parties to this appeal.

The appellant, who seeks to enforce confirmation of the sale, owns an undivided seven-twelfths interest in all the property involved.

The sale for distribution between the tenants in common is a kind of partition between the joint owners, necessitated because there could not be a partition in specie without sacrificing the interests of all.

These facts therefore clearly distinguish this case from ordinary judicial sales, when

the property is purchased by strangers at public and auction sales, and when such purchasers have a pecuniary interest in having their contracts of sale enforced by the courts.

While the purchases here were made by several strangers, they all transferred their purchases to appellant, one of the tenants in common; and a party to the proceedings to sell; and hence had no further interest in the proceeding. This case therefore stands as if one of the tenants in common had purchased all of the property at the sale. The text-books and decisions make a distinction when the rights of third parties are involved, and those like this, in which only the parties to the proceedings are involved. See Roorer on Judicial Sales, §§ 545, 550, and notes, and our own case of Littell v. Zuntz, 2 Ala. 260, 36 Am. Dec. 415, and cases following Bank v. Hunt, 8 Ala. 886; Helena Coal Co. v. Sibley, 132 Ala. 654, 32 South. 718.

[2] The aggregate price for the whole was only $6,700, and on the resale a price of at least $8,000 is guaranteed—a profit of $1,300, seven-twelfths of which goes to appellant. Surely the profits he would make in acquiring the five-twelfths interest of appellees at $6,700 will not exceed his profits in this resale. If so, it is a circumstance to justify the order of resale.

It is very true that the general rules as to setting aside judicial sales as for inadequacy of price, and promises, and assurances of greater prices on resale, are in the main as stated by counsel in their brief. Some of these rules are thus stated in some of our cases: When property has been sold after being well advertised, at competitive bidding, the court will not refuse confirmation because an advance of $500 was offered and an estimate that it was worth from $2,000 to $3,000 more than the price at which it was sold; the property having brought $9,500. Bethea v. Bethea, 136 Ala. 584, 34 South. 28. If sales were to be set aside on such considerations, confidence in them would be diminished, bidders would be discouraged, the amount realized diminished. Id.; Graffam v. Burgess, 117 U. S. 180, 6 Sup. Ct. 686, 29 L. Ed. 839; Parker v. Bluffton Co., 108 Ala. 140, 18 South. 938; Glennon v. Mittenight, 86 Ala. 455, 5 South. 772.

Every case, however, must be decided upon its own particular circumstances.

A sale like this is different from an execution sale or mortgage sale, where third parties buy, and where the owner of the property can be protected by redemption statutes. Here, if the sale is confirmed, his loss, if any, is immaterial; and, as before stated, the purchaser cannot lose except as to five-twelfths of the property and in a sense he is both purchasing and selling his own property, not in a sense that it is void or voidable, because in law the court is the vendor and must ultimately confirm the sale and order a conveyance before it is complete; but the purchaser, though he be a tenant in common, acquires rights which the court will protect and enforce. His position, however, is not in all respects the same as if a stranger had bought, and would lose the whole of the advanced price, as well as the land and his bargain—when the owner could protect himself by a redemption.

[3] This case also does not stand on the same footing as where the sale has been confirmed and conveyance ordered, and an independent suit is brought to set aside the sale. The court directing and affirming, or declining to affirm, as in this case, certainly has some discretion in granting and protecting the interest of all parties—both the owners and purchasers—and of controlling its own process; and its discretion, while a judicial one, and may be revised or controlled in some cases, it is entitled to weight and consideration by appellate courts.

While there is no evidence of active or concealed fraud in this case, to prevent open bidding there is some evidence that acts and remarks of this appellant, as to other claims to the property, may have prevented or deterred other bidders.

We do not hold that this difference between the price at which the property was sold, and that offered and guaranteed in case of resale, would be sufficient to justify a failure to confirm or set aside; yet, upon the whole, we are not willing to disturb the action of the court in ordering a resale. See Mobile Bk. v. Hunt, 8 Ala. 876.

It results that the decree of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS, J., concur in opinion and conclusion; SOMERVILLE, J., concurring in conclusion only.