(83 South. 66)

HENDRIX v. FRANCIS.    (8 Div. 169.)

(Supreme Court of Alabama.    May 15, 1919. On the Merits, June 30, 1919.    Rehearing Denied Oct. 23, 1919.)

1. APPEAL AND ERROR ⊜═82(5)—ORDER CONFIRMING OR SETTING ASIDE JUDICIAL SALE FINAL.

Decree, order, or judgment confirming or setting aside a judicial sale is final in the sense that it will support an appeal, motion to confirm or set aside a sale being in a sense an independent proceeding, so that judgment or order finally disposing of the motion, whether by granting or denying it, or by granting it in part and denying it in part, if entered of record, is final for the purpose of supporting an appeal.

McClellan, J., dissenting.

On the Merits.

2. EXECUTORS AND ADMINISTRATORS ⊜═379—DISCRETION OF COURT IN ORDERING RESALE.

The court which has ordered a sale of a decedent's real estate should regard the interest of the owners so far as can be done, and in so doing it exercises a judicial discretion in determining whether or not to confirm, and where attorneys for administratrix purchased for $1,650 and a party interested who moved to set aside the sale offered $2,200, an order directing a resale will not be disturbed.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Suit by Mary L. Looney against R. L. Francis and others, wherein there was final decree for sale of certain lands, with directions to the register to sell the lands and report the sale for confirmation. At the sale Clyde Hendrix and others bought in, and, pending consideration of the register's report, Henry Francis moved to set aside the sale, which was confirmed as to some of the land and set aside as to the other, and Hendrix appeals; appellee moving to dismiss the appeal because not founded on final decree. Motion to dismiss overruled, and appeal affirmed on the merits.

E. W. Godbey, of Decatur, for appellant. Lawrence E. Brown, of Scottsboro, for appellee.

MAYFIELD, J.   [1] This is an appeal from a decree or decretal order of the chancery court, confirming in part and setting aside in part a sale of certain lands by the register of the court, in pursuance of a former decretal order of the court directing the sale in question.

Appellee makes a motion to dismiss the appeal on the ground the decree or order is not such a one as will support an appeal.

There is no merit in the motion; the decree is a final one in the sense it will support an appeal. In part it is a final decree in every sense of the word. In so far as it confirmed the sale of a part of the land sold, no other decree will, or can, ever be rendered in that suit, unless that decree is reversed on appeal, or amended by some other proceeding. It is to this extent final in point of time, as well as final in the sense that it will support an appeal.

The phrase "final decree or judgment" is used in different senses. The authorities, or many of them, were reviewed in the case of Wynn, Adm'r, v. Tallapoosa County Bank, 168 Ala. 469, 480, 481, 53 South. 228, 233. It was there said:

"Taken in a strict, technical sense, the final decree of a court of chancery is the sentence of the court, finally and conclusively determining all the matters in controversy, disposing entirely of the cause, leaving nothing further for the court to do. Such is not the meaning of the term 'final decree,' as it is employed in the statute. The test of finality of a decree to support an appeal is not whether the cause remains in fieri, in some respects, in the court of chancery, awaiting further proceedings, necessary to entitle the parties to the full measure of the rights it has been declared they have; but whether the decree which has been rendered ascertains and declares these rights—if these are ascertained and adjudged, the decree is final and will support an appeal. * * *

"When a decree is final upon the merits—adjudging the equities and settling the rights

of the parties—an appeal will lie under the statutes. If the decree possesses these properties, it is immaterial, so far as affects the right of appeal, that the cause is still in progress, awaiting further proceedings necessary to entitle the successful party to the possession and enjoyment of the rights adjudged to him."

In the case at bar, there had not only been a final decree settling the equities of the parties, and directing a sale, and that it be reported back for confirmation or rejection, but there was a decree rendered confirming the sale in part, and disaffirming in part, and ordering a resale of such part of the property. Hence, so far as a part of the property is concerned, the decree is "final" in the sense that it entirely disposes of the cause, as to that part of the property.

The mere fact that the cause, as to a part of the property, remains in fieri as to a resale, and confirmation, does not prevent the decree from being "final" as to supporting an appeal, any more than did the fact that the decree which settled the equities, ordering a sale, keep it from being final.

So far as a purchaser at a judicial sale is concerned, decree setting aside the sale, and annulling his purchase, is final. All rights that he acquired by virtue of the decree ordering the sale, and his purchase, is gone or destroyed, unless he appeals from the decree setting aside the sale. This court has repeatedly held that a failure on his part to appeal was a waiver of his right to object, and that he could not without some other equity file a bill to obtain relief.

"As a general rule, while the suit is undecided (while it remains in the court, and subject to its control), in which a decree of sale is rendered, an original bill is not the appropriate remedy to impeach and set aside the sale. In that suit, the fairness and regularity of the sale are open to contestation; and before it is perfected by confirmation, in the absence of some peculiar circumstances, cannot be assailed and litigated in a collateral suit. Until confirmation, the sale is not complete—is under the control of the court, which can exercise a sound discretion in regard to it, granting or withholding confirmation, as the rights and interests of the parties, and the ends of justice may require. Hutton v. Williams, 35 Ala. 503, 76 Am. Dec. 297. Any party in interest, or the purchaser, if a stranger, who by his bid becomes a quasi party, may move for or resist confirmation; and it is but seldom there can be either reason or justice for resorting to collateral remedies. The order or decree of confirmation is essentially a judgment; it fixes the rights and liabilities of the purchaser, and operates a divestiture of title. It is an incident of the suit in which the decree of sale is rendered, and ought, in that suit, to be resisted. If there is no resistance, whatever of injury may result is attributable to a want of diligence, from which courts cannot relieve parties." Sayre v. Elyton Land Co., 73 Ala. 85.

There is an unbroken line of decisions from that of Littell v. Zuntz, 2 Ala. 256, 36 Am.

Dec. 415, down to the case of De Loach v. White, 80 South. 813,[1] present term, in which appeals like this have been sustained; and never one in which the right of appeal has been denied. If there was any doubt about the proper construction of our statutes as to such decrees being final as for supporting an appeal, the statutes have been too long construed as supporting them to be now departed from.

Counsel for appellee relies on the case of Reed v. Hughes, 192 Ala. 162, 68 South. 334. That was an appeal from an order of the probate court, and different statutes were there involved; and that order, unlike the one here involved, did not confirm in part and in part set aside. On further examination of that decision we are of the opinion that the decision is erroneous, and is expressly overruled.

A decree, order, or judgment confirming or setting aside a judicial sale is final in the sense it will support an appeal. A motion to confirm or set aside a sale is in a sense an independent or new proceeding, and a judgment or order finally disposing of the motion, whether by granting or denying the motion, if entered of record, is final as for the purpose of supporting an appeal. See the following authorities which so decide: Montague et al. v. International Trust Co., 142 Ala. 544, 38 South. 1025; Glennon v. Mittenight, 86 Ala. 455, 5 South. 772; Eatman v. Eatman, 83 Ala. 478, 3 South. 850; Allen v. Allen, 80 Ala. 154; Thornton v. Highland, etc., R. R. Co., 94 Ala. 353, 10 South. 442; Hurt et al. v. Naves, Adm'r, 49 Ala. 460; Kennedy's Heirs v. Kennedy's Heirs, 3 Ala. 437; Gartman et al. v. Lightner et al., 160 Ala. 202, 49 South. 412; Roy et al. v. O'Neill, 168 Ala. 354, 52 South. 946.

It results that the motion to dismiss the appeal is not well taken, and is overruled.

Motion to dismiss appeal overruled.

All the Justices concur, except McCLELLAN, J., who dissents.

McCLELLAN, J. (dissenting). The appeal here sought to be dismissed on motion, because not authorized by law, is from the action of the court below in refusing to confirm a sale of certain land directed to be sold by the chancery court, and in ordering a resale. The appeal is by the party who made the higher bid for this land at the sale. The right of such a person to appeal must be conferred by some statute. There is no statute expressly conferring the right of appeal in such cases. The right to appeal, if it exists at all, must be found in the statutes—allowing appeals from the chancery courts—authorizing appeals from final decrees or orders. So the determining question presented by the motion is whether the action of the court in refusing to confirm and in ordering a resale is a final decree or order within the statute authorizing appeals from final de-

[1] 202 Ala. 429.

crees or orders of the chancery court. The finality vel non of the decree or order is to be determined, as always, by the character of the decree or order, and not by the effect it may have upon the highest bidder at the sale. Appeals are matters of statutory creation; and, if the statutes do not authorize an appeal in a particular instance, the Legislature, and not the courts, is the sole repository of the power to institute changes.

The order from which the present appeal is sought to be taken is purely interlocutory, in no sense final within the statutes authorizing appeals from final orders or final decrees. Bland v. Bowie, 53 Ala. 152, 159, is decisive of the proposition. It was there pertinently pronounced:

"The statutes do not prescribe any time within which a decree of sale rendered by the court of probate shall be executed. In chancery no question can ever arise as to whether a decree of sale loses its energy because of the lapse of time intervening between its rendition and execution. The decree is *interlocutory*, and is kept alive by the continuance of the cause. A sale under a decree of the court of probate is a judicial sale. The court is in legal effect the vendor. * * * *Until confirmed by the court it is not complete, and confers no rights.* Rorer on Judicial Sales, 55." (Italics supplied.)

The discriminative text of Rorer, pages 55, 56, cited in the quotation from Bland v. Bowie, aptly supports that pronouncement; and in note 3 to Rorer's text is a strikingly forceful statement of the doctrine set down in Bland v. Bowie, appropriated from Hays' Appeal, 51 Pa. 59. There, as also in Lowe v. Guice, 69 Ala. 82, 83, the substance of the court's pointed declaration is, to quote Lowe v. Guice, that—

"Until confirmed the sale is in fieri—the highest bidder proposes to the court to buy the lands at a specified price, which the court may accept or reject."

Manifestly, the declination of the court to accept the proposal of the highest bidder is not a final order or decree within the statutes authorizing appeals from either chancery or probate courts. A consideration of the cases referred to in the majority opinion will disclose that, in the very few cases where a so-called purchaser "appealed" from the order refusing to confirm and ordering a resale, the attention of the court was not directed, in any degree, to the right of such a person to take an appeal. The conclusion attained on rehearing in Gartman v. Lightner, 160 Ala. 202, 206, et seq., 49 South. 412, involved the right to appeal from an order setting aside a decree of sale, not a declination by the court to confirm a sale, on report, and the ordering of a resale. The only remedy of a so-called purchaser to obtain a review is that pointed in Reed v. Hughes, 192 Ala. 162, 163, 68 South. 334, in which the doctrine of Bland v. Bowie

was applied—a doctrine that this court has not, so far as I can find, heretofore consciously qualified, much less repudiated. To affirm, as is now for the first time purposely declared, that a so-called purchaser may appeal from an order refusing to confirm and directing a resale, will operate to practically compel the probate and chancery courts to suspend action, in such cases, for six months (the appeal period) until it is certain the so-called purchaser will not appeal, because no land could be, with advantage, resold if a previous bidder had an existing right to have the refusal to confirm reviewed on appeal. I have no doubt this consideration has been always regarded as of sufficient force to restrain the Legislature from specifically authorizing an appeal in such cases.

I would grant the motion and dismiss the appeal.

### On the Merits.

SAYRE, J. [2] The administratrix of the estate of W. R. Francis, deceased, filed the bill in this cause on the equity side of the circuit court of Morgan praying that the administration be removed into the circuit court in equity, and further, inter alia, that certain lots in the city of Decatur, belonging to the estate of decedent, be sold for distribution. In pursuance of a decree made to that end, the lots were offered for sale, and, as the report of sale showed, bid in by appellant and the attorneys for the administratrix for the sum of $1,650. On the objection of the appellee, one of the heirs of deceased and a party to the cause, complaining that the price bid was inadequate and that "the bidding was participated in by attorneys of record in the cause, not however as representing their clients," the court set aside the sale and ordered a resale. The affidavit of H. J. Looney showed that he was the son of the administratrix, who was the sister of deceased, that he was looking after the interest of his mother in the estate, that in his opinion the property had sold too cheap, that he offered the sum of $2,200 for the property, and as evidence of his good faith attached a certified check for $300, payable to the register. The affidavit of H. Lee McCulloch, who had bid in other property of the estate, offered at the same time and under the same decree, showed nothing as to the value of the property involved in this appeal, but only that between 25 and 30 men had been present at the sale. Upon the decree setting aside the sale this appeal followed.

We need not say what our ruling would be had the property been bid in by a stranger to the proceeding. The attorneys for the administratrix were not strangers to the proceeding, and that circumstance makes a difference. De Loach v. White, 202 Ala. 429, 80 South. 813. And it may be that the principle of trusteeship should have some weight in the premises. James v. James, 55 Ala. 525. At any

rate, it was the duty of the court to regard the interest of the owners, so far as that could be done without discouraging bidders generally or diminishing their confidence in such sales, and in so doing it exercised a discretion—a judicial discretion—in the matter of confirmation vel non. In Rorer on Judicial Sales (2d Ed.) § 110, it is said that—

"The matter of confirmation rests so peculiarly upon the wise discretion of the court, in view of all the surrounding facts and circumstances, to be exercised in the interest of fairness, prudence, and the rights of all concerned, that it is difficult to come at any absolute legal rule on the subject, other than that of a sound legal discretion. But any * * * circumstance by which interests are prejudiced without the fault of the injured party or parties, or by reason whereof property is sold at an under price considerably disproportioned to its real value, will be deemed sufficient cause for refusing confirmation and for ordering a resale."

Upon the whole, then, we are not willing to disturb the action of the court in ordering a resale. De Loach v. White, supra.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.