ALMON, Justice.
The issue is whether the trial judge abused his discretion in refusing to confirm a judicial sale. The sale was conducted by the court pursuant to a divorce agreement between Virginia and Grayham Lynch. The property was owned by Virginia who agreed to sell it to pay a mortgage, in the approximate amount of $35,000.00, and to pay up to $36,000.00 to Grayham from the remaining proceeds.
At the time of the sale, Alabama Bike Shop, Inc., (appellant) had the property under lease, a provision of which gave Alabama Bike the right to match any “bona fide offer” that the lessors (Virginia and Grayham) obtain “from any third party for the purchase of all or portion of the demised premises” during the term of the lease. The sale was specifically made subject to the lease.
Grayham was high bidder at $35,000.00; Alabama Bike attended the sale, but did not bid. When Alabama Bike offered to exercise its option and match the sale price, Grayham filed an amended petition adding Alabama Bike as a third party defendant and asking the court to determine whether the option provision was applicable, and if it were, then to consider his petition as an offer of $70,000.00 from him for the purchase of the property with the right to increase such offer. The trial judge’s final decree ordered the property readvertised and resold with the added requirement that the advertisements state that the highest and best bid shall be subject to the right of “first refusal” on the part of Alabama Bike.
Alabama Bike contends that no grounds existed on which the judge could refuse to confirm the judicial sale. Tit. 7, § 561, Code of Alabama 1940, Recompiled 1958. Appellant argues that the price paid for the property was not so inadequate “as at once to shock understanding and conscience of an honest and just man . . .” (Martin v. Jones, 268 Ala. 286, 288, 105 So.2d 860, 863 (1958)), and that Grayham Lynch either made a mistake of law in not realizing that the “first refusal” provision was applicable, or he is estopped because his mistake was one of neglect. Appellant, however, does not address the question of whether Grayham Lynch’s offer was a “bona fide offer from any third party,” except to note that the trial judge, in directing that the advertisement of the resale should state that the property is subject to the appellant’s right of first refusal, apparently concluded that such a sale was a bona fide offer from a third party.
We note first that we are here dealing with a refusal to confirm the sale.
“This case also does not stand on the same footing as where the sale has been confirmed and conveyance ordered, and an independent suit is brought to set aside the sale. The court directing and affirming, or declining to affirm, as in this case, certainly has some discretion in granting and protecting the interest of *33 all parties — both the owners and purchasers — and of controlling its own process; and its discretion, while a judicial one, and may be revised or controlled in some cases, it is entitled to weight and consideration by appellate courts.” De Loach v. White, 202 Ala. 429, 430, 80 So. 813, 814 (1919).
We note also from Martin v. Jones, supra, 268 Ala. at 288, 105 So.2d at 862, the following:
“We observe at the outset that in suits of this type the matter of confirmation rests peculiarly upon the wise discretion of the court, in view of all the surrounding facts and circumstances, to be exercised in the interest of fairness, prudence, and the rights of all concerned, and his decision is of weighty consideration in review. . [Citations omitted.] We will only revise the discretion of the lower court for abuse of its exercise. [Citations omitted.] On review we do not weigh the evidence as regards its reasonably satisfying effect on the issue tendered, but in considering it we indulge all favorable presumptions to sustain the trial court’s conclusion and will not disturb it unless palpably erroneous or manifestly unjust. [Citations omitted.]”
In a number of cases this court has distinguished between a party to the proceedings and a stranger to the proceedings. Cox v. Cox, 267 Ala. 372, 102 So.2d 23 (1958); De Loach, supra; and Littell v. Zuntz, 2 Ala. 256 (1841). In Cox, a wife was considered a party to the proceedings; in De Loach, a tenant in common; and in Littell, a mortgagee.
“These facts therefore clearly distinguish this case from ordinary judicial sales, when the property is purchased by strangers at public and auction sales, and when such purchasers have a pecuniary interest in having their contracts of sale enforced by the courts.” De Loach, supra, 202 Ala. at 429-430, 80 So. at 813-814.
In Cox and De Loach, this court affirmed the trial court’s decision to set aside or to refuse to confirm the sale to the wife and tenant in common; Littell discussed the effects of a purchase by a mortgagee.
In this case the stranger to the proceedings (Alabama Bike) wants the sale confirmed so it can utilize its alleged right of first refusal. While this case is not in the posture of Cox, De Loach or Littell, Gray-ham Lynch’s relationship to the proceedings is still relevant to whether his offer was a bona fide offer from a third party. See also Ex parte Spiller, 336 So.2d 1113 (Ala., 1976).
Virginia Lynch held title to the property, but Grayham contends — a fact not contradicted by appellants — that he paid for substantial improvements to the property. The lease was in the names of both Virginia and Grayham. The divorce decree provided that the first $35,000.00 would go to Virginia to pay an existing mortgage, the next $36,000.00 to Grayham, and anything over the sum of those figures, i. e., $71,000.00, would go to Virginia. Thus, whether Gray-ham paid $35,000.00 or $71,000.00 made no difference to him (Grayham).
Grayham Lynch, by his relationship to the property under the facts, was a party to the proceedings. As such, we do not see how his offer could be considered a bona fide offer from a third party.
We are asked on appeal to decide whether the judge erred in refusing to confirm the sale, not whether the first refusal provision of the lease is applicable; appellee Grayham Lynch is apparently satisfied with the order to resell the property with the understanding that the first refusal provision will apply. If the judge has erred insofar as his construction of the lease provision, the error is in favor of appellant.
The judgment is therefore affirmed.
AFFIRMED.
BLOODWORTH, JONES, EMBRY and BEATTY, JJ., concur.