PER CURIAM.
In this appeal from the Circuit Court of Lawrence County, the appellants contend that the trial court erred in granting appel-lees’ motion to set aside a judicial sale of land.
The appellants, J.R. and Jane Knouff, bought the land for $31,510. Appellees, Raymond Knouff, et al., dissatisfied with the price received, moved to have the sale set aside. An ore tenus hearing was held at which several witnesses testified that the bid of $31,510 by the appellants was inadequate and disproportionate to the fair market value of the land, and, as a result, appellees’ motion was granted.
The decision to confirm or overturn a judicial sale is a matter that rests within the sound discretion of the trial court, De Loach v. White, 202 Ala. 429, 80 So. 813 (1919), and, on appeal, this Court “will only revise the discretion of the lower court for abuse.” Martin v. Jones, 268 Ala. 286, 288, 105 So.2d 860, 862 (1958). In Martin v. Jones, this Court set out the standard to be applied when a trial court’s exercise of discretion is questioned:
“On review we do not weigh the evidence as regards its reasonably satisfying effect on the issue tendered, but in considering it we indulge all favorable presumptions to sustain the trial court’s conclusion and will not disturb it unless palpably erroneous or manifestly unjust.” 268 Ala. at 288, 105 So. 2d at 862.
The record clearly shows that evidence was presented at the hearing upon which the decision to overturn the sale was rightly based.
In his order the trial judge noted:
“The Court, after scheduling this motion to set aside the sale of land in open Court, proceeds to take the evidence in this cause and finds that at the time of said sale there was certain information communicated to the prospective purchasers, namely: That this property was on appeal and that there might be some question as to whether or not a purchaser at the said sale could take possession of the said property, and further, that any prospective purchaser may be placing his bid and money posted thereto, in jeopardy.
“Another ground to set aside the sale has to do with the fact that the price bid for this property was greatly disproportionate to its fair market value and [was] such that the Court should set aside this sale and Order the [land] to be resold.
[[Image here]]
“The Court, after consideration of the evidence offered in this cause, is of the opinion that this sale should be set aside on the grounds that the property as offered at the public sale did not bring its fair market value, in fact the Court finds that it fell far short of its fair market value.”
We cannot hold that the trial court’s decision was an abuse of discretion. Consequently, we affirm.
AFFIRMED.
*242 TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.