SHORES, Justice.
This appeal arises from the trial court’s confirmation of a sale of property for division of the proceeds pursuant to Ala.Code 1975, § 35-6-20. Three adjoining lots in Anniston were sold. The trial court found that the sale was conducted equitably and that the price paid for the lots was reasonable.
Appellant does not contest the fact that the price paid for the lots was reasonable, but claims only that the method utilized by the commissioner in the sale of the land did not bring the highest possible price.
The commissioner offered the lots for sale in two ways. Initially, the individual lots were offered for sale. The bids for the individual lots were $10,500; $18,100; and $11,500, for a total of $40,100. Then, the lots were offered for sale together as a single unit. The highest bid for the three lots taken together was $44,500. Because the lots as a single unit brought a higher price, the commissioner sold them that way. Appellant now contends that the commissioner should have offered the lots for sale in various combinations.
The trial court found the commissioner’s method of acquiring the highest price in the sale of the property to be a reasonable one. There is no contention that the price actually received for this property is not the reasonable value.
“The decision to confirm or overturn a judicial sale is a matter that rests within the sound discretion of the trial court, De Loach v. White, 202 Ala. 429, 80 So. 813 (1919), and, on appeal, this Court ‘will only revise the discretion of the lower court for abuse.’ Martin v. Jones, 268 Ala. 286, 288, 105 So.2d 860, 862 (1958).”
Knouff v. Knouff, 516 So.2d 241 (Ala.1987).
We cannot hold that the trial court’s decision to confirm the sale for division was an abuse of discretion. Consequently, we affirm.
AFFIRMED.
JONES, ADAMS, HOUSTON and STEAGALL, JJ., concur.