# Helena Coal Co. *v.* Sibley.

*Bill to Administer Trust.*

[Decided June 28, 1902.]

1. *Sale of property under order of court; not set aside when purchaser a stranger.*—When property sold under an order of court is purchased by a stranger, such sale will not be set aside for mere inadequacy of price, no matter how gross, unless there is some unfair practice at the sale, or unless there is surprise without fault on the part of those interested.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

On October 20, 1900, the appellee, Charles S. Sibley, filed a general creditors' bill in the city court of Birmingham against the Helena Coal Company, Sibley P.

King, F. J. McNamara, L. T. Brasswell, W. T. Johnson and W. F. McNamara to administer a trust under a general assignment for the benefit of creditors. The bill alleged that on October 20th, 1900, said Helena Coal Company had made a general assignment for the benefit of creditors to Sibley P. King, conveying to him all of its property, consisting of a leasehold interest in a coal mine with a coal mining plant and machinery and a stock of merchandise; that defendants McNamara, Brasswell, Johnson and McNamara had, since the execution of said assignment, committed and were at the time of the filing of the bill committing trespasses on the property assigned; that said Sibley P. King, assignee, had failed and refused to take legal steps to prevent said trespasses, and that unless the court took jurisdiction of said trust and administered same, complainant, who is a creditor of said Helena Coal Co., and the other creditors of said Helena Coal Co., would lose the debts owing to them by it. The bill prayed that the court take jurisdiction of said assignment trust and proceed to administer same, and that said McNamara, Johnson, Brasswell and McNamara, said trespassers, be enjoined from trespassing on the property assigned. Temporary injunction was issued as prayed for in the bill and served on the defendants against whom same was issued.

On November 5, 1900, defendants Helena Coal Company and Sibley P. King filed answers to the bill admitting the allegations thereof. On November 5, 1900, a sale of the property assigned was ordered to be made by King, the assignee. On November 26, 1900, King, assignee, filed his report of sale under the last named order that he had sold the property assigned in compliance with the terms of the order to appellee, Richard Randolph, for the sum of $400, and that said price was not inadequate to the value of the property sold; the report prayed a confirmation of said sale. On November 26, 1900, appellant, F. J. McNamara, filed exceptions to the report of the same and objected to the confirmation of same, stating that he claimed to own one-fourth of the capital stock of the Helena Coal Company, and that

he was a creditor of said company and objected to the confirmation of said sale on the grounds that the time for which said sale was advertised was unreasonably short and that the price for which said property was sold was grossly inadequate. On December 1, 1900, said cause came on to be heard on the report of sale and objections of appellant thereto, and was submitted on the report and the exceptions and affidavits offered.

It was shown by some of the affidavits that at the sale of said property under the order of the court and before any bids had been made on said property, the attorneys of F. J. McNamara and the other creditors gave public notice on behalf of McNamara and all other creditors that a petition in involuntary bankruptcy had been filed against the Helena Coal Company, and that the title of the purchaser at said sale would be affected thereby; that there were two bids at said sale, the one of Richard Randolph for $400 being the second and last bid; that after Randolph had made his said bid the auctioneer called on said McNamara and the other creditors of the said Helena Coal Company who were present to bid on said property and raise the bid of said Randolph, but that each of said parties declined and failed to do so, and that after receiving no other bids, the auctioneer knocked down the property to said Randolph, he being the last and best bidder therefor.

On the submission of the cause, the court rendered a decree finding the facts against the truth of the exceptions, overruled the same, confirmed the sale and ordered a conveyance to be made by King, the assignee, to Richard Randolph, the purchaser. From this decree McNamara for himself and the other defendants prosecutes the present appeal, and assigns the rendition thereof as error.

J. W. Bush and Lane & White, for appellant, cited 17 Am. & Eng. Ency. Law, 995; *Gaffan v. Burgess*, 117 U. S. 180.

RUDOLPH & HUDDLESTON, *contra.*—Where a stranger is the purchaser at a sale under a decree in equity it will not be set aside for mere inadequacy of price, no matter how gross unless there be some unfair practice at the sale.—*Parker v. Bluffton Car Wheel Co.,* 108 Ala. 140; *Littel v. Zunts,* 2 Ala. 256; *Glennon v. Mittenight,* 86 Ala. 455; *Aderholt v. Henry,* 82 Ala. 541; *Ray v. Womble,* 56 Ala. 32; 17 Am. & Eng. Ency. Law (2d ed.), 1000 and cases cited.

It is presumed that property sold at a judicial sale realized an adequate price and an allegation to the contrary must be sustained by clear proof.—17 Am. & Eng. Ency. Law (2d ed.), 1004; *Connell v. Wilhelm,* 36 W. Va. 598. Evidence consisting merely of opinions of witnesses is not sufficient to establish that the price was inadequate.—17 Am. & Eng. Ency. Law (2d ed.), 1004; *Tucker v. Tucker,* 86 Va. 679; *Bristow v. Peters,* 6 Ky. L. Rep. 300; *Farmers Bank v. Clark,* 28 Md. 145.

TYSON, J.—The only ground urged to set aside the sale is inadequacy of price. *Littell v. Zunts,* 2 Ala. 256, is the leading case in this State upon the question here involved. The rule as there laid down, which has been uniformly adhered to, is that when the property is purchased by a stranger, the sale will not be set aside for mere inadequacy of price, no matter how gross, unless there is some unfair practice at the sale or unless there is surprise, without fault on the part of those interested. See also *Parker v. Bluffton Car Wheel Co.,* 108 Ala. 140; *Lowe v. Guice,* 69 Ala. 80.

While it is true that a judicial sale may be set aside on the ground of surprise, mistake or accident, this power will not be exercised to relieve a party from his own inexcusable neglect.—17 Am. & Eng. Ency. Law, (2d ed.), pp. 97, 998, 999, and note 1.

In this case it is without dispute that the sale was made in strict compliance with the decree of the court ordering it, and that the appellant was present and refused to bid upon the property after being invited to do so. Furthermore, by his conduct on that occasion, he

[Southern Railway Co. v. Brantley.]

was instrumental in preventing the property from bringing a better price. For, it is shown by the evidence, without dispute, that he, through his attorney, gave public notice at the sale before any bids were offered, that a petition in involuntary bankruptcy had been filed against the Helena Coal Company, the party from whom the assignee making the sale derived title, and that the title of the purchaser would be affected thereby. It is clear that he is in no position to insist that the property failed to bring its full value. He cannot be allowed, after bringing about or contributing to the result he now complains of, to undo it. For certainly any act of his tending to produce the result, which he, at that time, seems to have desired, is *fault* on his part.

Affirmed.