(132 So. 882)

**GREEN, Superintendent of Banks, v. MARTIN.**

6 Div. 853.

Supreme Court of Alabama.
March 5, 1931.

Wilkinson & Burton and Frank A. Wilkinson, all of Birmingham, for appellant.

J. Wiley Logan, of Birmingham, for appellee.

## ANDERSON, C. J.

■■ This suit is brought by the superintendent of banks, the statutory receiver of the Woodlawn Savings Bank, on a note executed by the defendant and payable to said bank, and plea 6, as amended, attempts to avoid said note because of the facts therein set up. Section 9042 of the Code provides:

"Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. And a signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount. In order, however, that any such instrument when completed may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time. But if any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time."

From aught appearing from the plea, the blanks were filled out by Miss Schultz before delivery to the bank and without notice of the existence of the blank or of the specific instructions of the defendant as to how it should be filled. The question, however, that arises is whether or not the bank, being the payee, can be a holder of said note in due course under section 9078 of the Code. As to this question, the authorities are not in harmony, but, as brought out in Brannon's Negotiable Instruments Law (4th Ed.) pages 361, 362, the affirmative view is supported by the weight of authority, and among the cases cited is Ex parte Goldberg & Lewis, 191 Ala. 356, 67 So. 839, L. R. A. 1915F, 1157, which said case collects and discusses many authorities on the subject. We therefore hold that the trial court erred in not sustaining the plaintiff's demurrers to amended plea 6.

■ The trial court erred in giving charge 4 at the request of the defendant. Conceding, without deciding, that the defense there invoked did not have to be specially pleaded, and that notice to Bell, as president of the dairy company, would be imputed to the bank of which he was also president had he purchased the note or knew of the purchase, yet there is no proof that Bell purchased the note for himself or the bank or that he knew of the purchase by the bank. The negotiation may have been with the cashier or some other official of the bank.

■ The trial court erred in giving charge 5 at the request of the defendant. The defendant admitted a consideration from the dairy company, and there may have been a consideration from the bank to the dairy company.

The other questions involved need not arise upon another trial.

The judgment of the circuit court is reversed, and the cause is remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.