(133 So. 587)

## CONTINENTAL INS. CO. OF NEW YORK v. ROTHOLZ.

### 6 Div. 769.

Supreme Court of Alabama.
March 26, 1931.

Rehearing Denied April 9, 1931.

Woolverton & Haley, of Birmingham, for appellee.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

SAYRE, J.

Action on a policy of fire insurance by the mortgagee of the owner. The case was tried on an agreed statement of facts which showed the policy was issued to R. W. Smith and insured buildings owned by him. The owner was indebted to the plaintiff appellee, and that indebtedness was secured by a mortgage. After the execution of the mortgage, defendant insurance company issued a policy to Smith which contained the following provision:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, if * * * with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed; or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance [except change of occupants without increase of hazard] whether by legal process or judgment or by voluntary act of the insured, or otherwise."

In the New York standard mortgage clause, which was appended to and made a part of the policy, it was provided as follows:

"Loss or damage, if any, under this policy, shall be payable to Mrs. Carrie Rotholz as mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; Provided, That in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

"Provided also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."

The policy covered the time from July 3, 1927, to July 3, 1929. Appellee foreclosed her mortgage March 15, 1928, becoming the purchaser at the foreclosure sale. July 23, 1928, the property was damaged by fire to the extent of $1,350. September 20, 1930, the court rendered judgment for plaintiff in the sum of $1,621.50. Defendant appeals.

■ Appellant's contention, for one thing, is that, by the foreclosure of the mortgage under the power and conveyance to the purchaser mortgagee, there was a change of ownership and occupancy—the agreed fact is that the mortgagor remained in possession paying rent to the mortgagee purchaser—imposing upon the mortgagee the duty to notify the insurance company of such change of ownership or occupancy the nonperformance of which worked a forfeiture of the right to recover under the mortgage clause. The identical point was made in Pioneer Savings, etc., v. St. Paul, etc., Ins. Co., 68 Minn. 170, 70 N. W. 979, 980, and the court disposed of it in the following language: "The proviso has reference to a change or transfer of title or possession to a third person, not to one from the mortgagor to the mortgagee through a foreclosure." Our judgment is that the foregoing correctly states the law on the point just here in question.

Authorities are cited at page 599 of 45 A. L. R. to the proposition that under the New

York standard clause, appended to the policy of insurance in this case, the stipulation that the interest of the mortgagee in the proceeds shall not be invalidated by the act or neglect of the mortgagor operates to create a separate and independent insurance of the mortgagee's interest in the property, and his acquisition of title to the insured property is generally regarded as an increase of interest rather than a change of ownership. "It gives to the mortgagee such an independent status as might authorize a recovery by him on the policy, even though the circumstances were such as would prevent a recovery by the mortgagor, and notwithstanding the failure of the mortgagee to give the insurer the notice contemplated by the provisions of the standard clause, of any change of ownership which shall come to his knowledge." Specifically we note in this connection the clause of the appended stipulation to the effect that the interest of the mortgagee shall not be invalidated by any foreclosure. In other words, the foreclosure and purchase by the mortgagee put his case without that provision of the appended clause by which it was provided that the mortgagee should notify the insurer of any change of ownership—this for the reason that the increase of the mortgagee's interest by purchase at foreclosure had no tendency to increase the hazard assumed by the insurer.

It may be conceded for every purpose of this case that, so far as concerned the interest of the mortgagor in the policy of insurance, it was voided by the foreclosure and the change in his interest thereby effected. But that provision appears in the original body of the policy, whereas the rights of appellee, mortgagee, are governed by the standard clause appended thereto, the effect of which we have heretofore undertaken to state.

■ In conclusion, appellant contends that, since it is not indebted to the mortgagor by reason that he suffered a foreclosure, it (the insurance company) is entitled to be subrogated to the rights of the mortgagee, and upon payment of the mortgage debt is entitled to have the mortgage assigned to it, and thereby to be subrogated to the rights of the mortgagee.

Appellant contends in its brief that it is entitled to the benefit of the doctrine of subrogation. There is nothing in the pleading or the agreed facts to suggest subrogation. There is no contractual or conventional subrogation, for the reason that there was no contract to that effect. Nor, pretermitting the question of pleading, is there any reason for the application of the doctrine of equitable subrogation. Subrogation substitutes one creditor for another. The principle in matters of insurance appears to find its most frequent application in situations described in the following language of 7 Cooley's Briefs on Insurance (2d Ed.) p. 6675: "When an insurer pays to the insured the amount of the loss, it is subrogated, in a corresponding amount, to the insured's right of action against any other person responsible for the loss." It does not appear in this case that any other person was responsible for the loss. And from page 6720 of the same authority we quote: "The insurance company will not, however, be entitled to subrogation under such a policy"—a policy like that here involved—"where it was in fact liable to the mortgagor." And: "Obviously, the principles underlying subrogation do not apply where the policy, both on its face and by the intention of the parties, insures the mortgagor, naming the mortgagee merely as a payee as his interest may appear. Under such a policy the mortgagor has a beneficial interest in the contract, and the insurer cannot be subrogated to the rights of the mortgagee." These statements of the law appear to be sustained by the weight of authority.

We note further that appellant insurer has not paid, nor does it offer to pay, to the mortgagee the amount of the loss. In this connection we refer to Ætna Ins. Co. v. Hann, 196 Ala. 234, 72 So. 48.

■ Further, it may be noted that the mortgagor is not a party to this proceeding, and his rights and liabilities cannot be determined herein.

It results that the judgment against the insurer on the agreed facts must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.