240 So.2d 364

**C. C. BRANTLEY**

**v.**

**Herbert E. HALL et al.**

**I Div. 604.**

Supreme Court of Alabama.

Oct. 29, 1970.

Chason, Stone & Chason, Bay Minette, for appellant.

Wilters & Brantley, Bay Minette, for appellees.

PER CURIAM.

This appeal is from a final decree of the Circuit Court of Baldwin County, in Equity, dismissing the complaint of C. C. Brantley v. Herbert E. Hall, Lucille Hall, and Vernell E. Green, which was filed to establish and satisfy a statutory lien on some land in which the respondents had an interest. The statement of lien was duly filed in the Probate Office of Baldwin County, on October 21, 1968, in accordance with the provisions of Title 33, Sec. 37, Code 1940, Recompiled in 1958.

The dispute here arises over whether a landscaper, who is the appellant, had a separate contract with the owner, Herbert E. Hall, apart from the builder, John Peavy, which separate agreement, if proven, would have entitled the landscaper to a statutory lien, as he contends, against the property of the owner regardless of whether there existed any "unpaid balance" due the contractor by the owner. See Mazel v. Bain, 272 Ala. 640, 133 So.2d 44, which holds that clearing, grading or excavating of land is a type of improvement lienable under the mechanics lien statute. Title 33, Sec. 37, supra. There is no contention here by complainant that he did the work for the builder or contractor and notified the owner, Herbert E. Hall, in writing that he was going to do the landscaping. Complainant's sole contention is that the contract was with Herbert E. Hall, the owner, and not with the builder.

The bill of complaint alleges and the evidence shows that respondent Herbert E. Hall, and his wife, Lucille Hall, conveyed the subject property to Vernell E. Green, who also is a party respondent. This conveyance was made on October 29, 1968, which was subsequent to the recordation of the statement of lien on October 21, 1968.

The complaint alleges that the complainant, C. C. Brantley, entered into an oral contract with respondent Herbert E. Hall to fill in and landscape the subject property belonging to said Hall and his wife for which services said Hall agreed to pay complainant.

There was a dispute as to some of the allegations. The undisputed evidence shows that said Herbert E. Hall entered into a written contract in the summer of 1968 with Mr. John Peavy, a building contractor, to build a residence on the subject land owned by appellee Herbert E. Hall, in Bay Minette, Alabama. The original contract price was raised by agreement of the parties from $27,000.00 to $30,000.00. Herbert E. Hall paid Mr. Peavy the amended price plus $2,000.00 extra.

Mr. Peavy's testimony favored the contention of Brantley that the contract was with respondent Herbert E. Hall with whom he had no contract or agreement to do the landscaping. It seems there is some evidence that the charges for the landscaping were to be paid to Mr. Peavy and by him to be paid to complainant Brantley. The amount involved was $885.96, which according to Mr. Brantley has never been paid to him.

The evidence of complainant, Brantley, and respondent, Herbert E. Hall, was in conflict. Complainant Brantley testified that respondent Herbert E. Hall employed him to do the work. Hall denied such employment and contends that he paid Mr. Peavy and was under no contractual agreement to pay Mr. Brantley. Mr. Peavy denied that Hall paid him for the work. There is no contention by either party that the builder Peavy has not been paid in full for the improvements he made on the property, omitting the landscaping improvements which Peavy testified he was under no obligation to make and for which he was never paid.

While some phases of the testimony tended to support appellant Brantley's contention that he entered into the landscaping agreement with Mr. Hall, there are contradicting tendencies which refute this contention. It would burden this opinion unnecessarily to detail the evidence beyond that stated above. The trial court resolved the conflicts in favor of appellees and dismissed the complaint. This action of the trial court is the subject of an assignment of error here argued in brief. Also, there is a related assignment that the trial court erred in holding that the complainant Brantley failed to prove his complaint.

 The evidence was taken ore tenus. The findings of the trial court, when it hears the evidence orally in equity, has the effect of a jury verdict and it will not be disturbed unless plainly and palpably wrong. King v. King, 269 Ala. 468, 114 So.2d 145. In view of this pronouncement appearing in many of our decisions, we will not disturb the decree of the trial court.

The decree of the trial court is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

MERRILL, HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.