262 So.2d 596

**Alton S. Smith BECK**

v.

**James S. P. BECK, Jr. and Martha Beck Wright, as Individuals and as Co-executors of the Estate of James S. P. Beck, Sr., Deceased.**

**6 Div. 776, 776–A.**

Supreme Court of Alabama.

May 1, 1972.

Rehearing Denied June 8, 1972.

480

George W. Nichols, Jr., Tuscaloosa, for appellees James S. P. Beck, Jr. and Martha Beck Wright.

Turner & Turner, Tuscaloosa, for appellees S. L. Hartsfield, Jr., and Joyce Hartsfield.

Hubbard & Waldrop, Tuscaloosa, for appellant.

litigation that challenged the validity of such remarriage, such litigation being initiated after the death of Dr. Beck, the lower court and this court held that Dr. and Mrs. Beck were man and wife by common-law marriage. Beck, et al. v. Beck, Ala., 246 So.2d 420. The direction of the litigation involving the estate was dependent on the final outcome of the marital suit.

The administration of the estate pending in the Probate Court was duly removed to the Circuit Court. There, a bill in equity was filed to sell the real estate. The Chancellor, after hearing the evidence taken orally, ordered a public sale of the entire acreage and the dwelling house thereon, all of which Dr. Beck occupied as a homestead at the time of his death, and to which the widow asserted the right of occupancy pending allotment to her of dower in kind. Tit. 34, § 50, Code of Ala., Recompiled 1958. Dr. Beck owned no other real estate.

The Chancellor, in his decree ordering a sale of the property, made a relevant finding of fact as follows:

"The Court further finds that the above described real property constituted the homestead of the decedent, James S. P. Beck, Sr., and that the same, after being reduced to its lowest practicable area, exceeds in value the sum of Six Thousand ($6,000.00) Dollars, as of the time of the death of said decedent, and the homestead of the said decedent is of such value that homestead allowable to the widow cannot be awarded to her without a sale thereof. That the complainants, in their capacity as executors of said estate and as devisees under the Will of the said decedent, have the legal right to have said property sold as the Court may direct, and the proceeds of said sale paid into the Court to await the further orders of the Court.

"The Court further finds that the property cannot be equitably partitioned in kind and the homestead and dower interest of the widow can not be equitably

## PER CURIAM.

The widow of Dr. James S. P. Beck, Sr., deceased, appeals from a final decree of the Chancellor ordering the sale of some real property occupied by deceased as a homestead at his death. The area involved is 7.14 acres upon which is located a dwelling house of superior value. Mrs. Beck, the widow, contends, inter alia, that she is entitled to the occupancy of the premises pending allotment of dower in kind and that the decree of sale violated her legal rights to such occupancy.

Dr. Beck left a last will and testament that devised all of his estate to his two adult children, James S. P. Beck, Jr. and Mrs. Martha Beck Wright, who, upon probate of the will, qualified as executors. Mrs. Beck, the widow, was not included as a beneficiary in the will. This omission motivated her lawful dissent and invested her with the right to share in such estate pursuant to Tit. 61, § 18 et seq. Mrs. Beck, over 21 years of age, was a second wife with no children born to her marriage with Dr. Beck.

At the time Dr. Beck made his will, he and Mrs. Beck were divorced. Dr. Beck became ill with a terminal malignancy. Both, while divorced, petitioned the Chancellor who granted the divorce to vacate the divorce decree. This petition was granted. The decree was a nullity due to the fact that the Chancellor had lost jurisdiction by lapse of time.

Following the attempted vacation of the divorce decree, Dr. Beck and his widow (appellant) entered into a relationship that was a common-law marriage. In ensuing

482

carved out in kind, and is incapable of allotment of homestead as provided under Alabama law; that the homestead right that the respondent may be entitled to, as provided under Alabama law and more particularly Sections 687 and 689 of Title 7, Code of Alabama, can and will be properly administered under the orders of the Court after a sale of the property."

Section 685, Tit. 7, Recompiled Code, 1958, reads as follows:

"When widow and minors retain possession of homestead incapable of allotment.—When the homestead, after being reduced to its lowest practicable area, still exceeds six thousand dollars in value, and no exemption in lieu of homestead has been obtained, the widow and minor child or children, or either, may retain the possession of the homestead as thus reduced, free from the payment of rent, until the same shall be sold, or there is a division of the lands of the decedent; and, in the event of a sale of such homestead in the course of administration, it shall be sold separately from the other lands of the decedent, if there be other. * * *"

The pertinent part of § 687, Tit. 7, Recompiled Code, 1958, reads:

"The facts stated in the application to sell the homestead for setting apart of exemptions may be proved by the oral testimony of witnesses or by the records of the probate court; and if the facts stated in such application are proven to the satisfaction of the court by the evidence, the court may order the sale of said homestead, and notice of said sale shall be given as directed by section 257 of Title 61. Said homestead must be sold on such terms as the court may direct, not exceeding a credit of three years, but in no case shall the cash payment be less than six thousand dollars, and said sum of six thousand dollars shall, in the discretion of the court, be applied by the court to the purchase of a homestead for the benefit of such widow and minor children, or either of them, or be paid by the court to the widow for the use and support of said widow and minor child or children, or either, or if no widow, to the guardian of said minors, upon such provisions, conditions or limitations as to the court shall seem proper in the premises."

The findings of the trial court, when it hears evidence orally in equity, have the effect of a jury verdict and will not be disturbed unless plainly and palpably wrong. Brantley v. Hall, 286 Ala. 400, 240 So.2d 364(1).

The Chancellor in his decree reserved for further orders the distribution of the proceeds of the sale.

The widow here contends that the trial court lacked authority of law to sell the homestead property or otherwise deny her the right to occupy said premises until dower is allotted in kind. Title 34, § 50, supra. A kindred section is Title 34, § 51. Both are as follows:

"§ 50. Widow may retain dwelling, etc., until assignment of dower.—The widow may retain possession of the dwelling house where her husband most usually resided next before his death, with the offices and buildings, appurtenant thereto, and the plantation connected therewith, until her dower is assigned her, free from the payment of rent.

"§ 51. Dower assigned by metes and bounds in probate court.—When the dower interest can be assigned by metes and bounds, the widow, heir, or personal representative of the husband, may petition the court of probate of the county where the land to which the dower is claimed, or any portion thereof, lies, to cause assignment of dower to be made."

If the insistence of the widow is followed, she, under the facts, supra, determined by the Chancellor, would probably retain possession of the premises during her life, and thus defeat the right of the

children to sell the property pursuant to Title 7, § 685 et seq., supra, and acquire their immediate interest pursuant to the will.

We observed in Hollis, et al. v. Watkins, 189 Ala. 292, 66 So. 29(5):

"It is the policy of the law to settle upon the widow the *house* which her husband occupied as his residence for her natural life, and it gives her money in lieu of the *house* only when the house cannot be given to her.

"It is also the policy of the law to give her, *as her dower,* a life estate in one-third part in acreage and value of the lands of which her husband died seised and possessed, and *not* to give her money in lieu of this land when the land itself can be allotted to her."

But here, neither dower nor the homestead could be allotted to the widow in kind. The only alternative was to sell the property and award the widow her money in lieu of homestead and dower as provided by law. Such determination as to distribution of the proceeds of sale was reserved by the trial court and not the subject of review on this appeal.

In Archer v. Tolleson, 257 Ala. 668, 60 So.2d 853, the decedent died intestate on February 14, 1951, leaving a homestead composed of two urban lots and a dwelling thereon, located in Boaz, Alabama, valued at $8,000.00, and no other land; the homestead after being reduced to its lowest practicable area exceeded in value $2,000.-00.

We there observed:

"Not mindful of those cases, appellant contends that the proceeding contravenes section 661, Title 7, Code. But section 661 does not apply to that situation in so far as the prohibition of a sale of the homestead is concerned. Such prohibition as there contemplated relates to the homestead when not exceeding the area and value fixed by law, but not in the process of allotment to such widow when the homestead reduced to its lowest practicable area exceeds in value $2,000. For then the whole of it may be sold as authorized by Title 7, sections 685, 686 and 687, and thus contemplated by section 662, Title 7, Code.

"There is nothing in our statutes which prohibits the operation of the rules to which we have referred and often enforced, as stated in Childs v. Julian, 241 Ala. 249, 2 So.2d 453, supra."

There are some amendments to Tit. 7, §§ 661, 662, 685, 686 and 687, Code 1940, in effect when Dr. Beck died, but they do not preclude the sale of the homestead here under consideration; some tend to sustain it.

Appellant asserts in Assignment of Error 9 that the trial court erred in overruling her Motion to Dissolve Temporary Injunction as Last Amended. This injunction precluded appellant's occupancy of the homestead premises. She says in brief: " * * * If the ordered sale (of the premises) was in error and Appellant does have a right of quarantine to occupy and retain possession of said dwelling, then the Trial Court is in error and its decree refusing to dissolve the temporary injunction should be reversed. * * *" (Parentheses added.)

But the ordered sale of the premises, as we here hold, was free of error and the decree ordering the sale is here affirmed. It follows that the decree overruling the motion was not in error for the reason argued by appellant; to-wit, that the court erred in ordering the sale.

The decree ordering sale of the property is dated and filed December 19, 1969. The instant appeal is taken from that decree. The appeal was taken January 28, 1970.

The decree overruling the motion to dissolve the temporary injunction is dated and filed January 28, 1970. No appeal was taken from the decree dated January 28, 1970.

■ The decree overruling the motion to dissolve is not assignable as error on appeal from the decree ordering the sale, the reason being that the decree overruling the motion was made after entry of the decree appealed from; i. e., the decree ordering the sale. Ex parte Gay, 213 Ala. 5, 104 So. 898 (1–3); DuPree v. Hart, 242 Ala. 690, 8 So.2d 183(3), (4).

Assignment of Error 9 is not sustained.

Appellant complains in Assignment of Error 5 that the trial court erred in overruling her demurrer to the bill of complaint as last amended. The argued ground is that it is not alleged that there has been any assignment of dower to her.

■ The bill of complaint as last amended contains equity notwithstanding the omission of this allegation. Error, if any, in overruling the demurrer with respect to the argued ground must be held as cured in view of the Chancellor's finding that dower in kind was incapable of assignment. Southern R. R. Co. v. Dickson, 211 Ala. 481, 100 So. 665(4).

Appellant in her brief refers to her Assignment of Error 6 which reads:

"For that the court erred in overruling exceptions to the Report of the Register."

No reference is made in her argument, nor contention made, that the sale price of the property was inadequate. She ties this assignment of error to Assignment No. 1, which asserts that the court erred in entering its final decree ordering the sale of the real estate described in said decree. We hold, supra, that there was no error in ordering the sale. This Assignment 6, as argued, is without merit.

CROSS–ASSIGNMENTS OF ERROR

Appellees cross-assign errors as follows:
(1) That the court erred in overruling the exceptions and objections to the Register's Report.

(2) That the court erred in ratifying and confirming the Register's Report.

Appellees contend in their argument jointly of these two assignments that the trial court was not justified in confirming the sale for that the price realized at the public sale of the property was $5,900.00 less than the price offered at private sale. The public sale price was $40,100.00. Argument is made that the public sale price was greatly disproportionate to the actual market value of the property; that the best price was not obtained and the court should not have confirmed the sale.

■ We are unwilling to remand the case for resale of the property. We have no doubt that the ensuing appeal from the order of sale may have cast a shadow that had some unfavorable effect on the bidders. It is by no means certain that the private offer of $46,000.00 for the property would have been kept if and when an appeal became more probable. The trial court we are sure used its best judgment in ordering a public sale, which is usually a satisfactory procedure that results in the auctioned property bringing its reasonable value. We will not question the court's judgment in ordering the sale at public auction.

It appears from the evidence the next highest bid at the public sale was $40,000.00. The next bid was $40,100.00 which the auctioneer accepted. In Martin v. Jones, 268 Ala. 286, 105 So.2d 860, we observed:

"When the property is purchased by a stranger, the sale will not be set aside for mere inadequacy of price, no matter how gross, unless there is some unfair practice at the sale or unless there is mistake or surprise, without fault on the part of those interested. Sieben v. Torrey, supra, 252 Ala. 675, 42 So.2d 621; Campbell v. Carter, 248 Ala. 294, 27 So. 2d 490; Helena Coal Co. v. Sibley, 132 Ala. 651, 32 So. 718; Littell v. Zuntz, 2 Ala. 256. And the purchaser at a judicial sale is generally due to have it confirmed if the price bid is measurably ad-

equate, or not greatly less than its market value, although some of the parties may offer to bid a much larger sum at a resale. Spence v. Spence, 239 Ala. 480, 195 So. 717. Also, it has been held that in no such case, where a stranger purchases, will a sale be set aside after confirmation, unless fraud can be imputed to the purchaser, which was unknown to those interested at the time of the confirmation of the sale. Littell v. Zuntz, supra.

"In the case at bar the purchaser was a stranger to the proceedings leading up to the sale. As we have said before, no unfair practice at the sale has been shown. Appellants do not rely upon any theory of surprise or mistake. It was incumbent, therefore, upon appellants to show such facts and circumstances surrounding the sale, including the disparity between the sale price and the market value, which would lead to the presumption of fraud. Having failed in this, appellants were not entitled to have the sale set aside."

We do not think there was such disparity between the market value (if the private bid is taken as a criterion) and the sale price as would lead to a presumption of fraud.

We also said in Martin v. Jones, supra:

"We observe at the outset that in suits of this type the matter of confirmation rests peculiarly upon the wise discretion of the court, in view of all the surrounding facts and circumstances, to be exercised in the interest of fairness, prudence, and the rights of all concerned, and his decision is of weighty consideration on review. Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621; De Loach v. White, 202 Ala. 429, 80 So. 813; Taylor v. Wilson, 233 Ala. 182, 170 So. 833; Roy v. O'Neill, 168 Ala. 354, 52 So. 946; Sayre v. Elyton Land Co., 73 Ala. 85. We will only revise the discretion of the lower court for abuse of its exercise.

Taylor v. Wilson, supra; Danforth v. Burchfield, 201 Ala. 550, 78 So. 904. On review we do not weigh the evidence as regards its reasonably satisfying effect on the issue tendered, but in considering it we indulge all favorable presumptions to sustain the trial court's conclusion and will not disturb it unless palpably erroneous or manifestly unjust. Sieben v. Torrey, supra; Cook v. Benton, 250 Ala. 259, 33 So.2d 877."

We are not impressed that the ruling of the trial court in confirming the sale was palpably erroneous or manifestly unjust. The cross-assignments of error are without merit.

The final decree of the trial court is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

HEFLIN, C. J., and LAWSON, MERRILL, COLEMAN, HARWOOD, BLOODWORTH and McCALL, JJ., concur.

MADDOX, J., concurs specially.

MADDOX, Justice (concurring specially).

I agree that the trial court committed no error in affirming the decree of the trial court ordering a sale of the property, which was the only decree from which this appeal was taken. The appellant assigns as error the decree of the trial court denying her motion to dissolve the injunction. This decree was entered subsequent to the time when the citation of appeal was filed in connection with the decree ordering the sale of the homestead.

Even though appellee joined issue on the assignment of error relating to the decree on appellant's motion to dissolve the injunction, jurisdiction to review that decree cannot be conferred by a mere assignment

of error with a joinder in the assignment. Pfingstl v. Solomon, 240 Ala. 58, 197 So. 12 (1940). We cannot, therefore, review the decree of the court denying the motion to dissolve on this appeal. I would base our refusal to review Assignment 9 on this ground alone.