HOLMES, Judge.
This is an insurance case.
The plaintiffs brought suit against the defendant-insurance company, claiming the plaintiffs were entitled to the proceeds of a policy of insurance. The trial court, without a jury, entered a judgment for the plaintiffs and the defendant-insurance company appeals.
The dispositive issue on appeal, as stated by the plaintiffs and agreed to by the defendant, is whether a bank as mortgagee is insured by the mortgagee clause of a fire policy after the property has been foreclosed against the named insured and resold to a third party with the bank the mortgagee of the third party. We answer in the affirmative and affirm.
The facts are without dispute and were stipulated by the parties. They reveal the following pertinent information. The Belleses executed a mortgage in favor of the plaintiff-bank. The mortgage covered approximately thirty acres of land and a house located thereon. The defendant-insurance company issued a policy of insurance. This insurance insured against loss by fire. The insured were the Belleses and the plaintiff-bank as mortgagee. The amount ~f coverage was $8,000 and covered the house.
The Belleses defaulted on the mortgage and the plaintiff-bank foreclosed on the property in July of 1976. Thereafter, with some intervening transactions not relevant here, the house was conveyed by the bank to a third party, one Patterson. Patterson executed a note and mortgage in favor of the plaintiff-bank. This transaction occurred in January of 1977.
In July of 1977, the house burned. The amount of the loss was $8,000. In August of 1977, a new note was executed between *1091 the plaintiff-bank and Patterson. This note was for $11,000. The original note with Patterson had been for $19,000 plus. Patterson received credit for $8,000 and the plaintiff-bank proceeded, as indicated above, to collect that $8,000 from defendant-insurance company.
Simply stated without detail, it is the defendant-insurance company’s position, as set forth in a well reasoned brief, that the plaintiff-bank’s sale of the property to Patterson terminated the plaintiff’s status as the Belleses’ mortgagee. Defendant further contends that Patterson would have had to acquire or procure insurance, with plaintiff-bank as mortgagee, in order for the bank to be afforded coverage.
The plaintiff-bank contends that the issue as presented has been decided in his favor by the Supreme Court of Alabama. See Nationwide Mutual Fire Insurance Co. v. Wilborn, 291 Ala. 193, 279 So.2d 460 (1973). Needless to say, the defendant strongly argues that Nationwide is not controlling. We disagree with defendant.
In Nationwide, supra, the court stated that where there is a New York Standard Mortgage Clause, as in the instant case, the mortgagee is protected after foreclosure or other change of ownership. Put another way, the insurance follows the property even if foreclosure has occurred before loss.
In the “foreclosure prior to loss” situation, such as in the present case, the satisfaction of debt takes into account the value of such property in its undamaged condition prior to loss and further takes into account the need for the insurance to follow the property. See Nationwide Mutual Fire Insurance Co. v. Wilborn, supra; Continental Insurance Co. of New York v. Rotholz, 222 Ala. 574, 133 So. 587 (1931).
In view of the above, we find no merit in defendant’s argument that another policy of insurance had to be obtained in order to protect the plaintiff-mortgagee. The foreclosure, in this instance, occurred prior to the loss. At the time of the loss, the term of the insurance policy had not expired and the premiums were still being paid. By virtue of the above, m conjunction with the rule that insurance follows the property, it is clear that the mortgagee was covered by defendant’s policy and that a new policy of insurance need not have been obtained.
This is further supported by the general rule that this loss payee clause affords protection to mortgagee, before or after foreclosure or after other methods of change of ownership and that the insurance follows the property. The exception to the above general rule states that the insurance company is not liable if the mortgage indebtedness is fully satisfied by foreclosure or otherwise after a loss. See Nationwide Mutual Fire Insurance Co. v. Wilborn, supra; Aetna Insurance Co. v. Baldwin County Building and Loan Association, 231 Ala. 102, 163 So. 604 (1935).
It is clear to this court that the mortgage indebtedness has not been fully satisfied so as to relieve defendant of liability under its policy. As noted above, after the fire a new note was executed between plaintiff and Patterson for $11,000, the partial reduction apparently being predicated on receipt by the mortgagee of the insurance proceeds. The original note with Patterson had been for approximately $19,000. Had the mortgagees received full satisfaction of the debt, i. e., $19,000, any recovery above the $19,000 might well be improper. However, in this instance, the difference between the new note and the insurance proceeds only restores the mortgagee to his original position.
In view of the above, we cannot say the trial court erred in finding for the plaintiff-bank under defendant’s policy.
The above being dispositive of the issues on appeal, this case is due to be and is affirmed.
AFFIRMED.
BRADLEY, J., concurs.
WRIGHT, P. J., dissents.