STEAGALL, Justice.
Emory G. Johnson appeals from a judgment of December 28, 1989, confirming the sale of certain property located in Cherokee County, Alabama.
In April 1987, Alma Johnson was declared to be non compos mentis by the Cherokee County Probate Court, and Jeff A. Johnson, son of Alma, was appointed as guardian. Subsequently, Alma Johnson was admitted to a nursing home in Gadsden, Alabama, and resides there at the time of this appeal.
On May 18, 1989, Jeff Johnson, acting as guardian, petitioned the Cherokee Circuit Court for an order allowing him to sell certain real and personal property belonging to his mother, including her former residence, for the purpose of satisfying certain financial obligations of her estate, as well as to provide for her future living expenses. After the trial court discovered that Emory G. Johnson, Alma’s other son, possibly had a recorded interest in the real property of Alma Johnson, it added him as a party to the proceedings. The trial court later ruled that Emory Johnson had no interest in the real property of Alma Johnson, and it ordered that, the real property of Alma Johnson be sold for the purposes stated in the application of her guardian.
On December 12, 1989, Mr. and Mrs. David Johnson purchased the residence of Alma Johnson from the clerk of the trial court for $56,000.[1] The report of the sale was filed by the clerk, but, before the trial court confirmed the sale, Emory Johnson filed an objection to the sale. Emory Johnson alleged that the sale price of $56,000 was inadequate and that because he could produce a buyer willing to pay $61,000 for the residence, the trial court would not be acting in the best interest of Alma Johnson’s estate by confirming the sale.
After a hearing on the matter, the trial court overruled Emory Johnson’s objection and confirmed the sale of the residence to Mr. and Mrs. David Johnson for the price of $56,000. On February 2, 1990, Emory Johnson filed his notice of appeal from the order of confirmation. Jeff Johnson moved to dismiss the appeal, claiming Emory Johnson had no standing to challenge the trial court’s confirmation of the sale.
*438 As to the matter of standing, Jeff Johnson claims that because the trial court found that Emory Johnson had no interest in certain properties of Alma Johnson’s estate, then he also had no standing to challenge the trial court’s order confirming the sale of the residence. We disagree.
Emory Johnson is the son of Alma Johnson and, as such, is potentially entitled to an inheritance, be it under a will or the laws of descent. While this potential inheritance remains subject to divestment or challenge, in the present context it does render Emory Johnson an “interested person” as to the judicial sale proceedings. Emory Johnson’s potential testamentary interest and the potential for intestate inheritance in the event of a successful will challenge create a sufficient interest for standing to challenge the court’s order. Brogdon v. Guardianship of Brogdon, 553 So.2d 299 (Fla.Dist.Ct.App.1989). Although Alabama courts have never specifically addressed such an issue, the rationale applied to a will contest — that “any person with a direct interest in the estate” has standing to challenge disposal of estate property, Tomaras v. Papadeas, 358 So.2d 428, 430 (Ala.1978); Pruitt v. Pruitt, 343 So.2d 495 (Ala.1976) — would seem equally applicable here. Thus, Emory Johnson has standing, and Jeff Johnson’s motion to dismiss the appeal is without merit.
As to Emory Johnson’s claims that the sale price of the property in question was inadequate and that the trial court therefore erred in confirming the sale, we disagree.
This Court has repeatedly held that “the matter of confirmation of judicial sales rests ‘peculiarly’ upon the wise discretion of the trial courts and that a trial court’s decision ‘is of weighty consideration on review’ and will not be disturbed unless the conclusion is palpably erroneous and manifestly unjust.” Jetton v. Jetton, 502 So.2d 756, 759-60 (Ala.1987); see cases cited therein.
Even when the purchaser at a judicial sale is not a “stranger” to the proceedings, the sale will be confirmed if the price is “measurably adequate and not greatly less than market value, even if someone else would have bid a larger sum.” Jetton, 502 So.2d at 760. See, also, Sanford v. Sanford, 355 So.2d 365 (Ala.1978). There must be some element of fraud involved in order for a sale to be set aside for mere inadequacy of price, and the burden of proving fraud is on the party attacking the sale. Martin v. Jones, 268 Ala. 286, 105 So.2d 860 (1958). No such showing has been made by Emory Johnson. Furthermore, the disparity between the alleged would-be buyer’s price of $61,000 and the actual sale price of $56,000 does not support a presumption of fraud. Beck v. Beck, 288 Ala. 479, 262 So.2d 596 (Ala.1972) (court found no fraud where a disparity of $5,900 existed between the market value and the sale price). “To adopt a rule of setting aside sales because of a subsequent, advance offer would defeat public policy by chilling the bidding and rendering judicial sales generally unstable, thereby resulting in discouraging bidders and diminishing the amounts realized.” Martin, 268 Ala. at 289, 105 So.2d at 864 (citations omitted).
The only evidence offered by Emory Johnson in support of his claim that the price was inadequate was his testimony that he could produce a buyer who was willing to pay $61,000. That potential buyer was Sara Johnson, Emory Johnson’s wife. There was no evidence that Sara Johnson could even pay the $61,000 sale price. In addition, there was no other evidence offered by Emory Johnson to prove the value of the property or any unfairness involved in the sale. Thus, Emory Johnson has failed to meet his burden of proving some irregularity in the sale or an inadequacy of the sale price.
Therefore, we find no error in the trial court’s judgment confirming the sale and we hereby affirm that judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.

. David Johnson is the son of Jeff Johnson and the grandson of Alma Johnson.